## Case No. 15,351.

### UNITED STATES v. HENRY.

[4 Wash. C. C. 428.][1]

Circuit Court, D. Pennsylvania. April Term, 1824.

CRIMINAL LAW — ACCOMPLICES AS WITNESSES — SHIPPING — REVOLT AND CONFINEMENT OF CAPTAIN.

1. An accomplice, separately indicted, is a competent witness in favour of or against a person indicted for the offence.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

2. To constitute the offence of confining the captain, the act of confinement must be feloniously done.

[Cited in U. S. v. Huff, 13 Fed. 641.]

[Cited in Shay v. Com., 36 Pa. 308; State v. Stotts, 26 Mo. 307.]

3. What constitutes a person an accomplice upon a charge of confining the captain.

The defendant was indicted, in the first count, for endeavoring to make a revolt; in the second count, for confining the captain. Black and two others were separately indicted for the same offences, committed at the same time. The defendant offered to examine Black and the others, and the question as to their competency was submitted to the court by the counsel for and against the prosecution. The court admitted the evidence, leaving the credibility of the witnesses to the consideration of the jury. See 1 Chit. Cr. Law, 493, who cites 2 Hale, P. C. 281; 1 Hale, P. C. 305; Fost. 247; 2 Camp. 333; Hawk. P. C. bk. 2, c. 46, § 19,—in support of the opinion. An accomplice is also a good witness against the prisoner, if separately indicted. 1 Chit. Cr. Law. 492. Upon the indictment for endeavoring to make a revolt, the court gave to the jury the definition stated in U. S. v. Sharp [Case No. 16,264], stating to the jury that the object was to adjourn the case to the supreme court if they should find the defendant guilty. On the other indictment, the evidence was, that whilst the other accomplices were engaged with the mate, the captain came on deck, and, as stated by defendant's witnesses, collared Black, and they both fell and remained for a considerable time clinched, the captain keeping hold of Black all the time, who was heard frequently calling on the captain to release him. On the other side, the witnesses stated, that as soon as the captain came on deck, he repeated the order which the mate had given to the refractory seamen to go forward; instead of doing which, Black collared the captain, and threw him on the deck, where he remained confined for twenty or thirty minutes, and the other three attacked the mate.

WASHINGTON, Circuit Justice, charged the jury that, upon this indictment there were two questions: 1. Was the captain confined at all? 2. Was he confined by Henry? That the first question depended upon the credit which they might give to the witnesses for the prosecution, and to those for the defendant. If they believed the former rather than the latter, the fact of confinement was fully made out; if otherwise, it was not, as it did not then appear but that the captain was at liberty, at any moment, to extricate himself from Black, if such had been his wish. The offence does not consist in the mere act of forcibly restraining the master; it must be feloniously done, and whether felonious or not, was to be judged of by the jury from all the circumstances of the case;

as if it be done with violence, and without a justifiable cause, &c.

2. Although the captain was not actually confined by Henry, if confined at all, still, if Henry aided and abetted in the act. he was constructively guilty, and is considered in law as a principal offender. But to charge him as an accomplice. the jury should be satisfied from the evidence that such was his intention. As to the quo animo which governed him throughout the affray, the jury are alone to judge. If his attack on the mate was intended to favour that of Black on the captain, then, in point of law. he is guilty of confining the captain. provided Black is guilty. If they were in reality distinct affrays, arising from distinct causes, as may be inferred from the evidence of the witnesses for the prisoner, then he cannot be implicated in the offence charged against him of confining the captain.