THE STATE, Respondent, v. STOTTS, Appellant.

1. A. and B. were jointly indicted for a felonious assault; A. was tried sepa-
rately and convicted, and his punishment assessed at the payment of a fine;
afterwards, upon the trial of B., A. was offered as a witness in his behalf:
*held,* although it did not appear that he had paid the fine, that he was a com-
petent witness.

### Appeal from Lawrence Circuit Court.

This was an indictment against John Stotts and Thomas
Stotts for a felonious assault upon one Alexander Smith—
John Stotts being indicted as principal in the first degree,
Thomas as being present aiding and abetting.

*Gardenhire*, for appellant.

I. Thomas Stotts ought to have been admitted as a wit-
ness. (1 Arch. C. P. 152–3; 2 Va. Cas. 317.)

*Ewing*, (attorney general,) for the State.

I. Thomas Stotts was not a competent witness. (State v.
Ward, 15 Mo. 128.)

RICHARDSON, Judge, delivered the opinion of the court.

Thomas Stotts was jointly indicted with the defendant, and
on a separate trial was found guilty and his punishment as-
sessed by the jury to the payment of a fine of five hundred
dollars. Afterwards on the trial of the defendant he offered
to introduce Thomas Stotts as a witness, but the court re-
jected him.

It may be stated generally that when two persons are
jointly indicted, neither is admissible as a witness for the
other, whether they are tried jointly or separately; (State v.
Ward, 15 Mo. 28;) but an accomplice separately indicted
may be examined as a witness for the defendant. (United
States v. Henry, 4 Wash. C. C. 428.) And so, also, though
two are jointly indicted, if one in a separate trial is acquitted

or convicted, he may be a witness for the other. (Whart. C. Law, 368; Arch. Crim. Plead. 153; Rex v. Ges, Car. & M. 111.) Some of the cases require that conviction, in order to restore competency when the punishment is by fine, shall be followed by satisfaction; but that has not been the uniform practice in this country. For many offences the judgment, by operation of law and as a part of the punishment, disqualifies the party from testifying as a witness in any case, and to say that a convicted accomplice in such cases can not testify until after judgment, would destroy the right to call him at all. It can not be maintained that in all cases the conviction must be followed by the sentence of the court or the satisfaction of the judgment; and if an accomplice can be used after conviction and before judgment in cases where the punishment is infamous, it would be unreasonable to apply a more rigid rule to persons convicted and liable to suffer only a pecuniary penalty. The witness was improperly excluded, and the judgment will be reversed and the cause remanded; the other judges concur.