STRAWHERN ET AL. *v.* STATE, 37 Miss. R., 422.

### GAMING.

It is settled by the courts, both in this country and England, that in point of law there is no objection to the insertion of several distinct felonies of the same degree in the same indictment against the same offender.

Where the indictment contains two counts, each charging a distinct offense, the defendant has no right to compel the prosecutor to elect upon which count he will proceed; it is a matter within the sound discretion of the court.

Where two are indicted for gaming, and one has plead guilty, and has been fined, he is a competent witness for the defense on the trial of his co-defendant, and it is not necessary to his competency that he has paid his fine.

If an indictment against several persons charge them with the commission of several and distinct offenses, and not with the joint commission of the same offense, it seems that the defendants are competent witnesses for each other, before acquittal or conviction.

In prosecutions for gaming, it is essential that it should be alleged and proven that the defendants had wagered or bet money, or something of value, either directly or indirectly, or that they had, in some way, an interest in the game, and would, by the result, either gain or lose.

Error to Monroe circuit court. ACKER, J.

The opinion of the court contains all the facts of the case.

*Rogers & Beckett,* for plaintiffs in error.

1. It is insisted for plaintiffs in error that both James Marshall and William Marshall were competent witnesses to prove the innocence of Grizzle and Strawhern, and that the court erred in ruling to the contrary. Jones v. State, 1 Kelly, 610; 1 Greenleaf Ev., § 379.

2. The court erred in refusing the instructions asked by the defendant. The plaintiffs in error were indicted for playing for money; and the first charge was predicated on the position that under the law, the parties were not guilty unless they were in-

terested, either directly or indirectly, in the money bet. If the defendants played at either of the games in the indictment mentioned, and did not bet, then, in that event, they did not play for money. If the charge asked is not the law, then every party who plays for amusement, if any other persons around bet upon the game, the parties playing are the guilty ones. Our law evidently intended to punish those only who play for money.

The second charge is predicated upon the point that it was necessary to prove the charge as laid in the bill of indictment, before the defendants could be convicted. The defendants are indicted for a certain offense, and that is, playing at certain games for money, with James Marshall and William Marshall. Either of the four parties indicted may have played at other times for money; but proof that Strawhern, or Strawhern and Grizzle, or James Marshall or William Marshall, played separately at either of the games for money, did not make the offense specified in the indictment. This offense must be made out by proof that all four of the parties charged played together at the game for money. When the indictment specifies the offense by charging that several parties played together, he cannot convict upon the proof that one party played. Grizzle and Strawhern were indicted for playing with the Marshalls; that offense was identified as being the one at which all four played together; then neither Strawhern nor Grizzle could be convicted of that offense by proof constituting another offense.

The witness for the state expressly stated that he never saw James Marshall, William Marshall, John P. Grizzle, and Samuel Strawhern, playing together at nine-pins or pool.

*T. J. Wharton*, attorney general.

Each party is charged as a principal. Though all four of the persons indicted may not have played in the same game, and against each other, yet, if the plaintiffs in error played with and against each other for money, still the conviction should be upheld. The other two charged in the indictment pleaded guilty, which was an admission on their part that the indictment was "a true bill." They were no longer parties before the court. The indictment stood as if it had been originally found against

the plaintiffs in error only, and the proof of the only witness is direct, that he had seen them play nine-pins and pool when money was up, and within twelve months before the date of the indictment. It is immaterial whether they wagered any money on the game or played it for others to bet on.

If it be a matter of any importance to show whether the money was wagered by them, or by others not engaged in the game, the *onus* did not rest on the state.

The testimony of the two Marshalls was properly·excluded. "One of several persons indicted, although he has pleaded and defended separately, is not a competent witness for his co-defendant, unless immediately acquitted by a jury; and the same rule applies to accessories." Wharton Am. Cr. Law, 303.

"If he is convicted, and the punishment is by fine only, he will be admitted for the others, if he has paid the fine."· 1 Greenl. Ev., § 379; Russ. on Cr., 597–600; 1 Lead. Cr. Cases, 14.

One defendant in an indictment cannot, until finally discharged, be a witness for another, and that whether the trial be joint or separate; and where the wife of one is not permitted to testify for the others on a joint trial, she will not be received for them, although her husband be not then on trial. State v. Smith, 2 Ind., 402. The contrary rule prevails in Tennessee and Missouri. 2 Humph., 99; 6 Missouri, 1.

SMITH, C. J.:

This was a conviction, under the statute against gaming. The indictment contained two counts. The first charged "that William Marshall, James Marshall, Samuel Strawhern, and John P. Grizzle, late," &c., "did unlawfully play at a game commonly called "ten-pins," for money, and for one bank-note, then and there, of the value of five dollars," &c. The second charged the same parties in the same form, with unlawfully playing at a certain game called "pool," for money, and for a bank-bill of the value of one dollar. The defendant, William Marshall, pleaded guilty, and was fined. James Marshall was not tried; but a trial was had between the state and the plaintiffs in error, which resulted in their conviction. A motion for

a new trial was thereupon entered, which was overruled, and the defendants excepted, and prosecuted their writ of error.

Before proceeding to trial, the defendants moved to quash the indictment, upon the ground that it charged two distinct offenses; which motion being overruled, the defendants moved to compel the district attorney to elect upon which count of the indictment the trial should proceed. This motion was also overruled, and the action of the court upon it and the preceding motion, is assigned for error.

On the trial, a witness, offered for the prosecution, testified " that within twelve months before the finding of the bill of indictment in this cause, he had seen both the defendants, Strawhern and Grizzle, roll nine-pins, and play at the game called pool, when money was up." On cross-examination, this witness stated that he had never, to his recollection, seen William Marshall, James Marshall, Samuel Strawhern, and John P. Grizzle, play together at a game called nine-pins, or pool; nor did he ever see either of the defendants play together, to the best of his recollection, at either of the above-mentioned games; nor did he remember ever to have seen either of the defendants put up any money at either of the above games; but he saw money staked when they were playing.

The testimony of this witness was all the evidence offered in behalf of the prosecution. The defendants then tendered James Marshall, one of the parties jointly indicted with them, but who was not on trial, as a witness; but he was excluded upon the ground that he was incompetent. William Marshall, who had pleaded guilty to the indictment, and was fined, was also offered. as a witness by the defendants, and was likewise for the same reason excluded. The defendants excepted, and the ruling of the court in each instance is assigned for error.

On the evidence before the jury, as above detailed, the court, at the instance of the district attorney, charged, amongst other instructions given to the jury, " that it is not necessary that the defendants, or either of them, should have bet anything on the game at which the money was staked. All who played are guilty. And refused, upon the application of the defendants, to instruct :

1st. "That before the jury can find the defendants guilty under this indictment, they must believe that the defendants played at the game of ten-pins, or pool, for money, in which they were interested either directly or indirectly."

2d. "That unless the jury believe that the defendants unlawfully played at a game of ten-pins, or pool, together with William Marshall and James Marshall, for money, they will acquit the defendants."

And 3d. "That unless the jury believe, from the evidence, that defendants bet or wagered money on the game, or were interested in the money, they will acquit the defendants."

To the granting of the instruction for the prosecution, and the refusal of the court to charge as requested by them, the defendants excepted, and assign, also, this action of the court for error.

We will proceed to notice these several exceptions, in the order in which we have stated them.

1. It is settled in this court, and by the courts in this country, that in point of law, there is no objection to the insertion of several distinct felonies of the same degree in. the same indictment against the same. offender. Wash v. The State, 14 S. & M., 120 ; Sarah v. The State, 28 Miss. R., 267 ; Kane v. The. People, 8 Wend., 203; 12 ib., 425 ; Chitt. Crim. Law, 253; King v. Strange, 34 Com. L. R., 341 ; Wharton's Amer. Cr. L., 149. The practice, however, of joining distinct felonies in the same indictment is not to be commended; and although the joinder of distinct offenses in the same indictment constitutes no legal ground for quashing the indictment, if objection on that ground be made before plea, the court, at its discretion, may order the indictment to be quashed, lest it should embarrass the prisoner in his defense, or prejudice him in his challenge to the jury. The reasons are manifest why a more stringent rule should not be applied to prosecutions for misdemeanors. This objection is, therefore, untenable.

2. There was no error in the refusal of the court to compel the prosecuting attorney to elect upon which count of the indictment he would proceed. The answer given to the preceding objection is entirely applicable to this. It was a matter submit-

ted to the sound discretion of the court.  34 Com. L. R., 341 ;
12 Wend., 425 ; 22 Pick., 1 ; 28 Miss. R., 267.  ·And there is
nothing whatever in the record which tends to show that the
defendants were in any wise prejudiced by this particular action
of the court.

3. The third exception, in our opinion, is well taken.  The
witness William Marshall, who was tendered by the defendants,
and excluded from testifying by the court, had pleaded guilty to
the indictment, and was fined.  It is true that it does not appear
that he had paid the fine.  But this fact can have no effect upon
his competency as a witness for the defense.  The prosecution
as to him was at an end.  He could, in no conceivable way, be
affected by the result of the trial then pending, and hence could
have no motive for swearing falsely in order to produce an ac-
quittal of the parties then on trial.  As he was not rendered in-
famous and incompetent by his confession and the sentence of
the court, there seems to be no sufficient reason founded on prin-
·ciple for his exclusion.  This view seems to be sustained by
authority.[1]  Cases cited in Am. Cr. L., 303 ; Jones v. The
State of Georgia, 1 Kelly, 610.

There is an additional reason why this party should have
been permitted to testify.  The parties indicted were not
charged with a joint commission of the offense described in the
indictment.  They were not charged to have bet money with
each other, or to have played with each other for money, at the
games mentioned in the indictment.  The charges are—1. That
the said parties, at a certain time and place, played for money
at the game of ten-pins ; and 2d. That they played at a stated
time and place, for money, at the game of pool.

[1] Ballard v. Noaks, 2 Pike, 45 ; Carpenter v. Crane, Blackf., 119 ; State v. Stotts, 26
Mo., 307 ; Com. v. Smith, 12 Metc., 238 ; State v. Jones, 51 Maine, 126 ; Delozier v.
State, 1 Head, 45 ; Rex v. Ford, C. & K., 111 ; People v. Whipple, 9 Cow., 707 ; Byrd
v. Com., 2 Va. Cases, 490 ; Bean v. Bean, 12 Mass., 20 ; Churchill v. Sutter, 4 Mass.,
156 ; McNiff's case, 1 C. H. Rec., 8 ; State v. Wier, 1 Dev., 363 ; U. S. v. Henry, 4 Wash.
C. C. 428 ; People v. Lohman, 2 Barb., 216 ; Brown's case, 2 Leigh, 769 ; People v.
Costello, 1 Denio, 86 ; Garrett v. State, 6 Mo., 1 ; see Archbold's Cr. Pr. and Pl., 155,
*et seq.* ; Roscoe's Cr. Ev., 121 ; Rex v. Balmore, 1 Hale's P. C., 305 ; People v. Labra, 5
Cal., 183 ; Marshall v. State, 8 Indiana, 498 ; Sloan v. State, 9 ib., 565 ; Hunt v. State,
10 ib., 69 ; U. S. v. Henry, 4 Wash. C. C., 428 ; 1 Greenl. Ev., 379 ; 2 Russ. on Cr.,
597, 600 ; Rex v. Westbeer, 1 Leach Cr. Cases, 14 ; Charnock's case, 4 St. Tr., 582 ; 12
Howell's St. Tr., 1454 ; Rex v. Fletcher, 1 Strd., 633 ; 2 Stark. Ev., 9, 10 ; 2 Hale's P.
C., 280 ; 7 T. R., 611 ; Musson v. Fales, 16 Mass., 335 ; Churchill v. Suter, 2 Mass.,
162 ; Townsend v. Bush, 1 Conn., 267 ; Wharton's Am. Cr. Law, 790, *et seq.*

This was manifestly the construction adopted by the circuit judge, in refusing the second instruction requested by the defendants.   For although the statute declares that in prosecutions for gaming "it shall be sufficient to charge the general name or description of the game at which the defendant may have played, without setting forth or describing with or against whom he may have bet or played," it would, nevertheless, have been clearly erroneous to have refused the instruction if under his construction of the indictment the defendants were charged with the joint commission of the alleged offenses.   Adopting, then, the construction, which it seems probable the court below applied to the indictment, the parties were in effect severally charged with the commission of separate and distinct misdemeanors, and not with the joint commission of the same offenses.   Hence, under the indictment, and in conformity with the statute, it was not necessary to prove that the persons indicted played with each other for money, or bet money with each other, at the games designated in the indictment, but that all that was required to authorize a conviction was the adduction of legal proof that each or either of them played for or bet money on the games described with A. B. C. or D.   The question here is not as to the sufficiency or legality of the indictment. That is a question which cannot now be examined; but the inquiry is in relation to its construction.   And upon that construction, as the offered witness was charged with an offense separate and distinct from the offenses charged against the other parties indicted, upon no principle of reason or authority should he have been excluded, especially after having pleaded guilty, and received sentence.

4. These observations are sufficient to show that there was no error in the refusal of the defendants' second instruction.

5. The last exception applies to the third charge given in behalf of the prosecution, and to the refusal of the judge to grant the first and third charges requested by the defendants. The action of the court upon these respective charges in effect lays down the rule that persons who play at "ten-pins" or "pool," upon which money is bet or wagered by third parties or by-standers, but who do not themselves, either directly or

indirectly, bet or wager money on the game so played, is nevertheless guilty of a violation of the statute against gaming.

It is scarcely necessary to say that the court, in announcing this proposition, misconstrued the statute against gaming. There are, doubtless, many ways beside that of actually betting or wagering, in which a party may be guilty of a violation of the statute. But here the parties were charged with betting money and a valuable article on the games specified, and not with having encouraged gaming, or with any act which the statute makes criminal. It was· hence essential, before a conviction could be had, that legal proof should have been adduced, establishing the facts charged; that is, that they had wagered or bet money, or something of value, either directly or indirectly; or that they had in some way an interest in the game, and would by the result either gain or lose. Under the rule as laid down, a person who not only never intended to violate the statute, but who in point of fact never had, might be convicted and punished.

Judgment reversed, and cause remanded.