THE STATE v. PETER HUNT, *Appellant.*

**Criminal Practice:** CO-DEFENDANT, COMPETENCY OF AS WITNESS. Where the cause as to one defendant jointly indicted with another is disposed of by a plea of guilty, or by a verdict of conviction or acquittal, he is then a competent witness for the other.

*Appeal from St. Francois Circuit Court.*—HON. J. D. Fox, Judge.

REVERSED.

*Carter, Weber & Wilson* for appellant.

*B. G. Boone*, Attorney General, for the state.

BLACK, J.—Peter Hunt, Moses Hunt, and one Yeargin were jointly indicted for burglary and larceny. The state dismissed as to Yeargin, and, for the purpose of a trial, there was a severance as to the other defendants. On the trial of Peter Hunt, he called Moses as a witness. The state objected, on the ground that the proposed witness was jointly indicted with Peter Hunt, for the same offence, and had been convicted, which objection was sustained, and the witness excluded.

Before our present statute, permitting defendants in criminal cases to testify, one of two or more persons jointly indicted could not be a witness for the other, even on a separate trial. *State v. Roberts*, 15 Mo. 29 ; *State v. Edwards*, 19 Mo. 675. Though two were jointly indicted, if one, on a separate trial, was convicted or acquitted, he could not be a witness for the other. *State v. Stoots*, 26 Mo. 307. Where the cause as to one defendant is disposed of by a plea of guilty, or a verdict of conviction or acquittal, then he may be a witness for the other. 1 Bish. Crim. Proc., sec. 1020 ; Whar. Crim. Evid., sec. 445. Moses Hunt was, then, a competent witness, without regard to section 1918, Revised Statutes.

The record shows that other exceptions were taken on the trial, but they are without merit. Judgment reversed and cause remanded. All concur.