## J. L. BALL ET AL. v. THE STATE.

1. CRIMINAL LAW.  *Former conviction; specially pleaded.*
   Defense of former conviction must be pleaded specially.

2. SAME.  *Former conviction; plea.  Identity of offense.*
   A conviction on an indictment charging drunkenness and swearing at a public place, in the presence of two or more persons, is no bar to a subsequent indictment for disturbing religious worship, though at the same time and place, when the evidence shows that the worship was disturbed by other means than being drunk and profane.  *Smith* v. *The State, ante,* 116.

3. SAME.  *Disturbing religious worship.  Verdict.  Sufficiency of evidence.*
   Where several are jointly charged with disturbing religious worship at a camp-meeting, and the evidence shows cursing, shooting, and other disturbances at night, of which some of the defendants are unquestionably guilty, and one of the defendants is arrested at 2 o'clock at night, having a pistol in his possession, and, being in company at the time with one of the parties causing disturbance, fails to explain his being out at that hour in such company, and there are other circumstances indicating his participation in the disturbances, a verdict convicting him will not be disturbed.

4. SAME.  *Joint offense.  Indictment.*
   Two persons cannot be convicted of distinct and independent offenses upon an indictment charging a joint offense.  *Strawhern* v. *The State,* 37 Miss. 422, is not an authority for the contrary of this.  The ground upon which the conviction here is sustained is that the evidence warrants a verdict of guilty as to both defendants, a common participation in the unlawful disturbance.

FROM the circuit court of Pike county.

HON. J. B. CHRISMAN, Judge.

Appellants, Jesse L. Ball and H. R. Badon, with others, were convicted in the court below on an indictment charging that the defendants "did wilfully and unlawfully disturb a congregation of persons lawfully assembled for religious worship at the China Grove meeting grounds, by shooting pistols," etc., and also by being intoxicated and by profane swearing.  On the plea of not guilty the defendants were tried and convicted at the October term, 1889.  At a former term of the court the defendant Ball was convicted on an

indictment of two counts, charging him with profane swearing and being drunk in the presence of two or more persons in a public place, to wit, at said China Grove camp-meeting grounds in said county, and the record of such former conviction and punishment thereunder was introduced in evidence on the trial of this case. It was admitted on behalf of the state that the drunkenness and profanity of which the said Ball had been convicted occurred at the camp-meeting on the said grounds in August, 1888, and that the "proof showed that such drunkenness and profanity occurred at the same camp-meeting or time of the alleged disturbance of religious worship by said Ball in this case."

After the introduction of such record and the admission of the district-attorney in respect to the same, the defendant, Ball, moved the court to exclude all the evidence in this case as to him, on the ground that he had already been punished. This motion was overruled, and the defendant excepted. The evidence showed that a large number of persons, including women and children, were in attendance at said camp-meeting grounds, for the purpose of participating in religious worship, at the time referred to in the indictment, and it was conclusively shown that Ball and some other persons were guilty of interfering with the services, and disturbing the worship by cursing, firing pistols and the like, as set forth in the opinion of the court. There was very little direct evidence against the defendant, Badon, but the circumstances tended to show that he participated with the parties who created the disturbance on the night in question. The shooting occurred in the woods near the place of worship and the tents of those in attendance at the meeting. It began about 11 o'clock, just as services closed, and was kept up, at intervals and in different places, nearly all night. About 2 o'clock A.M., a deputy sheriff, who was a police officer, heard and saw the defendant Badon and one Robbins in the road some three hundred yards from the camp grounds. Robbins used profane language and began firing off his pistol, when both parties were arrested by the officer. There was some evidence that Badon pulled back when arrested, and objected to being carried through the camp grounds.

Badon had a pistol in his possession, but it was broken and could not be fired, and there was evidence that he had the pistol for the purpose of having it repaired. The court instructed the jury that the defendants were presumed innocent; that they could only be convicted upon proof sufficient to establish guilt beyond all reasonable doubt; that the specific charge in the indictment had to be established; that a defendant is never required to establish his innocence, and that if the evidence taken as a whole leaves a reasonable doubt of guilt, the jury must acquit.

Defendants excepted to the action of the court in refusing the following instruction :—

" The court instructs the jury for the defendants, that before a jury can find a defendant guilty, they must be satisfied of his guilt beyond a reasonable doubt. A reasonable doubt exists in that state of the case in which, after consideration of all the evidence, the minds of the jurors are left in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge. It is not sufficient to establish a probability, though a strong one, that the fact charged is more likely to be true than the contrary, but the evidence must establish its truth to a certainty that convinces and directs the understanding and satisfies the reason and judgment of those who are bound to act conscientiously upon it. Such a conviction to a moral certainty is the state of belief, which considered by itself without reference to the thing believed in, and as a feeling, is a feeling of satisfaction—an easy and pleased feeling. Where we are convinced to a moral certainty, we are satisfied and need no further proof. When we doubt, we are dissatisfied and want more information. If a juror feels any uneasiness whatever as to the truth of the fact in saying guilty, and feels any desire for further evidence, he has a reasonable doubt under the law and must find for acquittal."

Motion for new trial overruled, and defendants appealed.

*S. E. Packwood,* for appellants.

1. The court erred in refusing defendants' instruction. It is difficult to see in what respect it fails to correctly propound the law of reasonable doubt.

2. Defendant Ball should have been discharged on proof of his former conviction. The district-attorney could not "cut twice" and convict the defendant again *on the same state of facts*. On this point, see 1 Bish. Cr. L. § 891.

3. The testimony is insufficient to support the verdict. It was necessary that the disturbance should be "wilful," and that means intentional. *Lancaster* v. *The State*, 25 Am. R. (Ala.) 625; 12 Am. R. 645.

There is nothing against Badon to indicate a design to disturb worship. It was natural that he should "pull back" when he was arrested and taken through the grounds like a great criminal. As to him, the verdict is manifestly wrong. Even in civil cases, a verdict against the clear preponderance of evidence will be set aside. 8 S. & M. 324.

Certainly Badon did not get the benefit of a reasonable doubt.

4. The indictment alleging that the defendants committed the offense is equivalent to a charge that it was *jointly* done. 1 Bish. Cr. Pro., § 471. There certainly can be no pretense that Ball and Badon acted *jointly* or in *concert* in what they did. There is no evidence to sustain any such view.

Where two are on trial for an offense laid in a single count as *jointly* committed, and the proof is of disconnected transactions, a verdict cannot be taken against both. 1 Bish. Cr. L., § 812; 14 Ohio, 386; 2 Dill. C. C. 86; 2 Eng. L. Eq. 532; *Elliott* v. *The State*, 26 Ala. 78.

*T. M. Miller*, attorney-general, for the state.

1. Appellant's refused instruction attempts a metaphysical disquisition, which, however captivating to a body of moral philosophers, will hardly do in the practical direction of jurors. A reasonable doubt is one for which a reason may be given. An irrational uneasiness is not such a doubt. Proper instructions on this subject were given to the jury.

2. Even conceding that the former indictment of appellant Ball was for the same offense, he waived the right to insist on it by going to trial on a plea of not guilty to the second indictment. 1 Bish. Cr. Pro., § 799.

3. The evidence supports the verdict. It was not necessary to show that religious services were actually in progress. The people were assembled there for worship. Bish. on Stat. Crimes, § 211 ; *Commonwealth* v. *Jennings*, 3 Grat. (Va.) 624.

CAMPBELL, J., delivered the opinion of the court.

Ball was properly denied the benefit of his former conviction for intoxication and profanity, both because *autrefois convict* must be pleaded specially, and because the evidence shows clearly that he was guilty of disturbing religious worship at the China Grove camp-meeting by other modes than by being drunk and profane, and, therefore, there was a want of *identity* of the two charges. Badon was rightly convicted with Ball, if he participated in the nocturnal disturbance in which Ball and many others appear to have been engaged ; and the jury thought he was, and we are not able to say that they did not have sufficient evidence on which to reach this conclusion. He failed to furnish any explanation of his being out at 2 o'clock A.M., and in bad company. The jury doubt-less concluded that he was one of the crowd, composed of Ball and others, who made night hideous, and terrified men, women and children by their disgraceful conduct, in firing pistols about the camp-ground for hours, on that Saturday night and Sunday morning.

We agree with the counsel for the appellants in the proposition, that two persons cannot be convicted of distinct and independent offenses, upon an indictment which charges an offense as committed jointly. In order to convict both, a joint offense must be proved. Bishop on Cr. Law, § 802 ; *Regina* v. *Dovey & Gray*, 2 E. Law & Eq. R. 532.

It may be that *Strawhern et al.* v. *State*, 37 Miss. 422, has been misinterpreted as sustaining the right to indict several persons for distinct offenses, and to convict such of them as may be proved severally guilty. It is not authority for a propositon so subversive of the rights of persons accused of crimes, as that would be. The correct doctrine on this subject is announced in *Elliott* v. *State*, 26 Ala. 78, and authorities cited above.

The ground on which we sustain the conviction here, is that the evidence warrants a verdict of guilty as to both defendants of a joint disturbance of religious worship, by common participation in the boisterous performance proved.

*Affirmed.*