WINFRED RICHARDS *v.* STATE OF MISSISSIPPI.

CRIMINAL PROCEDURE. *Gambling. Indictment, joint.*

> If an indictment charge two or more persons with the commission of an offense, it is joint, although it omits the words "with" or "together with." *Strawhern* v. *State,* 37 Miss., 422, criticized.

FROM circuit court of Yalobusha county.

HON. Z. M. STEPHENS, Judge.

Winfred Richards was convicted of gambling, and appeals. Appellant and one Edward Wilbourn were indicted in the same

indictment, which charged that " Winfred Richards and Edward Wilbourn did . . . unlawfully play at a certain game and games of dice, commonly called ' craps,' for money," etc. This indictment was demurred to by appellant as being an indictment for separate offenses in which two were joined. The demurrer was overruled by the court below, and at the trial defendant was convicted.

Brewer & Wilson, for appellant.

The indictment in this case charged that " Winfred Richards and Edward Wilbourn did unlawfully play at a certain game or games of dice for money," etc. This was an indictment against each of them for a separate offense. They should not have been joined in the same indictment. If so joined, the indictment should have charged that they played with each other or together. Lea v. State, 64 Miss., 294; Ball v. State, 67 Miss., 358; Elliott v. State, 26 Ala., 78.

Wiley N. Nash, attorney-general, for appellee.

The indictment is sufficient under § 1361 of the code of 1892. The statute expressly states that the indictment shall be held sufficient without setting forth or describing with or against whom the accused may have bet or played.

I call the court's attention to § 1133 of the code of 1892, which is as follows:

" 1133 (2856). The same; laws remedial; not penal.—All laws made or to be made for the suppression of gambling or gaming are remedial, and not penal statutes, and shall be so construed by the courts."

The statutes against gambling are remedial, and not penal, and hence are not to be strictly construed. Seal v. State, 13 Smed. & M., 286; Cain v. State, 13 Smed. & M., 456.

WHITFIELD, J., delivered the opinion of the court.

Strawhern's case, 37 Miss., 422, is cited to show that the indictment in this case is not a joint indictment. It is true the

court, *arguendo*, say that the indictment there was not joint, because of the omission of the words "with" or "together with." But the indictment in *Ball* v. *State*, 67 Miss., 358, omitted these words, and was properly held to be a joint indictment. See the last sentence in the opinion. This is the true rule. 1 Bish. New Crim. Proced., sec. 471, and authorities, where Mr. Bishop states it to be the common practice to omit these words and simply charge that the parties did the act constituting the offense. The demurrer was properly overruled.

*Affirmed.*

