THE STATE v. MARTIN, *Appellant.*

1.  **Criminal Law**: EVIDENCE OF OTHER OFFENSES.  On the trial of an indictment for murder, without any evidence of character having been offered by the defendant, the State was allowed to read to the jury two indictments against him for felonious assaults having no connection with the principal offense.  *Held*, error.

2.  —— : WITNESSES.  A person jointly indicted with another, is not a competent witness for his co-defendant.

3.  ——.  It is error for the court to permit the prosecuting attorney to comment in argument upon the fact that the defendant, though a competent witness, failed to testify in his own behalf.

*Appeal from Laclede Circuit Court.*—HON. R. W. FYAN, Judge.

REVERSED.

*Holt, Moore, Patterson & Mitchell* for appellant.

*D. H. McIntyre*, Attorney General, and *E. B. Kellerman*, Prosecuting Attorney of Laclede county, for the State.

NORTON, J.—The defendant was jointly indicted with Sarah I. Martin, for the murder of George Mizer, at the August term, 1879, of the Laclede county circuit court. At the February term, 1880, of said court, he was tried and convicted of murder in the first degree. Motions 1. CRIMINAL LAW: for new trial and in arrest having been overruled, he brings the cause here by appeal, and assigns various grounds for error, one of which is, that the court, over the objection of defendant, allowed the State to read in evidence two indictments against the defendant charging him with felonious assaults upon one Jesse Prewitt. The offenses charged in the indictment in no way, so far as the record shows, had any connection with the offense for which the defendant was being tried. This evidence was calculated to prejudice the jury, and to put the character of defendant in issue, without any

such issue having been tendered by him.    The rule is, that the character of a person criminally charged cannot be assailed by the State until the accused has offered proof as to character.    Under the ruling of this court in the cases of *State v. Reavis*, 71 Mo. 420 ; *State v. Hart*, 66 Mo. 208, and under the rule laid down in Wharton on Crim. Plead. and Ev., (6 Ed.) pp. 635, 636, 647, 648, error was committed in admitting the evidence.    *State v. Creson*, 38 Mo. 372.

The assistant prosecuting attorney, in his closing argument to the jury, said :    " That the co-defendant is a competent witness in behalf of the defendant, as well as the defendant, under the laws of this State, and the attorneys for defendant know it."    He also proceeded to comment at length upon the fact that Sarah I. Martin, who was jointly indicted with defendant, was a competent witness, and, though present during the whole trial, was not put upon the stand to contradict statements made by other witnesses in regard to matters occurring in her presence, and that defendant dared not put her on the stand, etc.    These remarks were objected to on the ground that the co-defendant was not examined because she was not a competent witness.    The objection was overruled, the court observing that the co-defendant was a competent witness and the attorney had a right to comment on the fact that she had not been put upon the stand by defendant.

This, we think, was a clear misapprehension of the law.    In the case of the *State v. Roberts*, 15 Mo. 29, it was held that when two persons are jointly indicted, neither is admissible as a witness for his co-defendant, and this rule equally applies whether they are tried separately or jointly. The witness is incompetent, not on the ground of interest but of public policy.    Where there is no evidence to criminate, or where he is by mistake made such, or where he is made a defendant for the purpose of excluding his testimony, the practice is for the court to direct his acquittal,

that he may be used as a witness. This rule, so far from being overthrown by any statute of the State, is expressly recognized in section 1917, Revised Statutes, which provides that " when two or more persons shall be jointly indicted or prosecuted, the court may, at any time before defendants have gone into their defense, direct any defendant to be discharged, that he may be a witness for the State. A defendant shall also, when there is not sufficient evidence to put him on his defense, at any time before the evidence is closed, be discharged by the court, for the purpose of giving his eviaence for a co-defendant." 　　*　　*

The judgment under the authority of the case of the *State v. Mahly*, 68 Mo. 316, might well be reversed because 3. ——. 　　　　　 of the refusal of the court to rebuke the attorney for commenting on the fact that defendant was a competent witness, and allowing him, not only to misstate the law as to a co-defendant being a competent witness, but in indorsing the misstatement; but it is not necessary to put the reversal on that ground, inasmuch as the error committed in allowing the indictments heretofore mentioned to be read in evidence works a reversal. Attention has been called to the matter so that whatever there is of error in it may not be repeated on a retrial of the cause. Judgment reversed and cause remanded, in which all concur.