THE STATE v. LONEY, *Appellant.*

**Witness**: CONVICT: STATUTE. Under the Revised Statutes of 1879, one under a sentence for robbery is a competent witness in behalf of a defendant jointly indicted with him.

*Appeal from Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

REVERSED.

*Hale & Sons* and *Shewalter & Sebree* for appellant.

The circuit court erred in excluding Ott as a witness for defendant. *State v. Slaughter,* 70 Mo. 484; *State v. Booher,* 71 Mo. 631; *State v. Grant,* 79 Mo. 113; 1 Black. Com., p. 90. The preponderance of judicial authority has always been in favor of the competency of one co-defendant to testify for another. *State v. Allen,* 10 Ohio St. 287; 1 Bishop Crim. Proc., § 511; *State v. Roberts,* 15 Mo. 29. A convicted co-defendant, if not disabled for infamy, was always competent at common law. He had no further any such interest in the defense as would disqualify him. 1 Bishop Crim. Proc., § 511; *State v. Statts,* 26 Mo. 307; 1 Greenleaf Ev., §§ 362, 379. Defendant and Ott were not jointly prosecuted, hence Ott was a competent witness. 1 R. S., § 1917. The record does not show that defendant was in court to make his challenges to the grand jury empanelled at the December term of court, 1882, which found a true bill against him. R. S., § 1772; 1 Bishop Crim. Proc., § 745, note 1. The court erred in requiring defendant to consent to the separation of the jury in the presence of the jury. 1 Bishop Crim. Proc., § 827; *Terry v. Buffington,* 11 Ga. 337; *State v. Davis,* 66 Mo. 686; *State v. Melton,* 67 Mo. 594. The court erred in permitting Mr. Holliday to assist in the prosecution without his authority to do so appearing of record. 1 Bishop Crim. Proc., § 998. The first instruction given for the State is wrong. It requires

the jury to find less than is necessary in order to convict of robbery in the first degree. *State v. Heed*, 57 Mo. 255 ; *State v. Mitchell*, 64 Mo. 192 ; *State v. Howerton*, 59 Mo. 91; *State v. Broderiek*, 59 Mo. 320 ; R. S., § 1302. Instruction one, given for the State, and one for defendant, are inconsistent. *State v. Ball*, 27 Mo. 327; *State v. Phillips*, 24 Mo. 490.

_D. H. McIntyre_, Attorney General, for the State.

The indictment follows the language of the statute, (R. S., § 1302,) and is sufficient. *State v. Howerton*, 59 Mo. 91 ; Kelley's Crim. Law, §§ 575, 576. The court committed no error in excluding the testimony of Ott. R. S., § 1917 ; *State v. Martin.* 74 Mo. 547. Ott was undergoing a sentence for a felony, and was not a competent witness in any case, civil or criminal, either for the State or for the defendant. R. S., § 4031. The court gave every instruction asked by the defendant. Those given for the State are not specifically objected to. The first and second for the State, together with the sixth for the defendant, put the law of the case fully before the jury. If the robbery was committed either by force and violence, or by putting in fear of immediate injury to the person, it was robbery in the first degree. *State v. Broderick*, 59 Mo. 318. There is no merit in the point that Mr. Holliday was allowed to assist the prosecuting attorney without an order of record being first entered to that effect. *State v. Hayes*, 23 Mo. 287 ; *State v. Stark*, 72 Mo. 37.

MARTIN, C.—At the December term, 1882, of the circuit court of Carroll county, the defendant and one Jack Ott were indicted for a robbery charged to have been committed by them on the 10th of September, 1882. Jack Ott pleaded guilty and being found to be under the age of eighteen years, he was sentenced to imprisonment in the county jail for the term of one year. At a subsequent

term, the trial of defendant came on. He offered as a witness in his behalf said Jack Ott, who was serving out his sentence of imprisonment in the county jail. On objection of the prosecuting attorney the witness was excluded as incompetent to testify by reason of his conviction and sentence. The trial resulted in a conviction and sentence of defendant to confinement in the penitentiary for the term of ten years. From this judgment he appeals.

The disqualification of convicts as witnesses was omitted in the revision of 1879. R. S. 1879, § 1378. This omission could not operate to revive the disqualification which the common law imposed upon persons made infamous by conviction. The effect of this change in our statutes was elaborately considered in the case of *State v. Grant*, 79 Mo. 113, wherein it was held that the amendment operated prospectively only. As the defendant was tried for committing a robbery long after the amendment went into effect, he was entitled to the evidence of the excluded witness, unless some other disqualification forbade him to testify. . It is claimed by counsel for the State that the witness was disqualified on account of being jointly indicted with the defendant. Under the common law a co-defendant in an indictment was an incompetent witness irrespective of the character or grade of the offense charged. *State v. Roberts*, 15 Mo. 29; *State v. Martin*, 74 Mo. 547; R. S. 1879, § 1917. The effect of this rule was not escaped by a separate trial.

This disqualification could not arise from any supposed turpitude, for none such is attached to an indictment or accusation. It proceeded from the assumed interest the witness must possess in the trial of an issue to which he was a party of record. The common law assumed that such interest disabled him from giving truthful information bearing upon the issue, and furnished him with an inducement to commit perjury While thus related to the issue he was disqualified from testifying, in both civil and criminal cases. When this disqualifying interest was removed,

he became admissible as a witness. It was held to be removed by an acquittal, and by a *nolle prosequi*. It is evident that it was as effectually removed by a conviction; for, nothing which he might testify to could help or prejudice him in his own trial, which was disposed of as an event of the past; and such I understand to be the import of the American authorities. Bishop Crim. Proc. A conviction operated as a qualification of a co-defendant as a witness in all cases in which the conviction itself did not add the further disqualification of infamy. It was so expressly held in *State v. Stotts*, 26 Mo. 307. And even in cases in which an accomplice was charged and convicted of an infamous crime, it was the practice to admit him as a competent witness at any time between the date of his conviction and the date of sentence or judgment, when the disqualification of infamy under the law attached to the judgment and not to the conviction alone. This practice is alluded to and reasoned from by Richardson, J., in the case last cited.

I am, therefore, satisfied that the disqualification of the witness in this case, which arose from his relation to the case as co-defendant before trial, was removed by his conviction, and that the disqualification of infamy, which, heretofore attached to a conviction, has been omitted in the revision of 1879, and no longer exists. The tendency of our legislation on the subject of evidence is in derogation of the common law. The spirit of modern jurisprudence is in keeping with that of modern science, and aims to receive light and information for all that it is worth, from whatever source it may come. In view of the conclusion we have reached it is unnecessary to consider the other grounds of reversal argued in the briefs.

For error in excluding the witness offered by defendant, the judgment is reversed and cause remanded. All concur.