AMANDA A. GORHAM, Appellant, v. G. A. AUERSWALD, Respondent.

St. Louis Court of Appeals, February 14, 1893.

1. Evidence, Relevancy of: CORROBORATION OF WITNESS ON IMMATERIAL POINTS. The testimony of a witness cannot be aided by evidence corroborating him on immaterial points.

2. ———: RES GESTÆ. The sole issue in this cause was whether the defendant had made for the plaintiff a payment to a third person. *Held*, that correspondence which passed between the defendant and

such third person some time before the alleged payment, and whereby an appointment was made when the former could meet the latter, was not admissible as a part of the *res gestæ*.

3. ———: ADMISSIBILITY OF PARTS OF CORRESPONDENCE. A letter written by the defendant, being relevant, was admitted in evidence against him. It was not intelligible without another letter written to defendant, to which it was an answer. *Held,* that this other letter should also have been received in evidence.

*Appeal from the Jefferson Circuit Court.*—Hon. James E. Green, Judge.

REVERSED AND REMANDED.

*David Murphy,* for appellant.

(1) The court erred in permitting defendant to repeat contents of alleged letters and conversations between himself and Mrs. Webb, who was in nowise a party to the record. *Costigan v. Trans. Co.,* 33 Mo. App. 290; 1 Greenleaf on Evidence [12 Ed.] secs. 171, 177; *Major v. Watson,* 73 Mo. 663. (2) The court erred in refusing to allow plaintiff to read the letter of plaintiff's husband and agent to defendant, in connection with all the correspondence pertaining to the subject-matter. 1 Greenleaf on Evidence [12 Ed.] sec. 201, *et seq.; Graves v. Ins. Co.,* 49 N. W. Rep. 65; *Schlicker v. Gordon,* 19 Mo. App. 479.

*Thomas & Horine* and *Dinning & Byrns,* for respondent.

Rombauer, P. J.—The action is one to recover a balance of $152 with interest, which the plaintiff claims the defendant retained out of a larger sum which he collected for her. The defense was payment. The jury found a verdict for the defendant, and the plaintiff, appealing, assigns for error the illegal admission and exclusion of the testimony.

Touching the following facts there is no controversy: The plaintiff at the date of the transaction in question was a resident of San Diego, California, and the defendant a resident of De Soto, Missouri. The defendant, whose relations with the plaintiff and her husband were friendly, acted gratuitously as their agent in disposing for them of certain real estate which they owned in De Soto. In June or July, 1887, the defendant collected $350, the proceeds of one of the sales, out of which amount he had been previously requested to pay a note of $150 which the plaintiff owed to her brother-in-law, one J. V. Webb, a resident of St. Louis, Missouri, and to remit the residue to her. The defendant did remit to the plaintiff by letter July 8, 1887, a draft for $198, and stated in said letter that he used the residue of the money to pay the plaintiff's note to Webb. Whether the defendant had so paid the Webb note, was the only issue before the jury.

Touching the fact of the alleged payment the testimony is irreconcilable. The defendant, on whom the burden of proof rested, testified positively that on the sixth day of July, 1887, he called by appointment at the residence of Webb in St. Louis; that he there found Mrs. Webb, and informed her that he came to pay the note; that she told him the note was mislaid, but that she computed the amount of interest thereon with him, and, upon ascertaining that the note and interest amounted to $164, he paid that amount to Mrs. Webb, and took from her a receipt written in pencil on one of his prescription blanks in the following words: "Received of G. A. Auerswald the sum of $164 in full of note of Mrs. A. A. Gorham," signed "Mrs J. V. Webb." The defendant also testified that Mrs Webb took the money and put it in the left-hand drawer of a secretary standing in the room, and that the next day thereafter he wrote to the plaintiff at San Diego, inclosing to her this

receipt and the draft for $198 for the residue of the money.

On the other hand the plaintiff testified that she never received any such receipt, and was corroborated in the fact by a witness who was present when she received and opened the letter. Mrs. Webb testified that the money was never paid to her; that the defendant never was inside of her house in July, 1887; that she never signed her name Mrs. J. V. Webb, but always Ida Webb, which was her name. This witness as well as her husband testified that there was no secretary in the room where the money was alleged to have been paid, but only an old-fashioned desk with a large center drawer, and that, subsequently, when the defendant was confronted with Mrs. Webb, he did not positively assert that he had paid the money, but merely that he was under the impression that he had paid it. This, with the subsequent correspondence between the parties, constituted the substance of the testimony bearing upon the question at issue.

While the defendant was being examined in chief, he was permitted against the repeated objection of the plaintiff to state that, some time prior to the date of the alleged payment, he had written to Mrs. Webb that he would come to St. Louis on a day stated in the letter, and that Mrs. Webb answered by postal card that she had received his letter and that she would meet him at her home. The admission of this testimony was erroneous. It was no part of the *res gestæ*, because the acts testified to were not contemporaneous with the act of payment. The testimony of a witness cannot be aided by other testimony corroborating him on immaterial points. *Ritter v. Bank*, 87 Mo. 574; *Smith v. Young*, 26 Mo. App. 575, 579. We think the error was prejudicial.

The court also erred in excluding the letter of Cornelius Gorham of December 15, 1889, which forms part of his deposition. The subsequent correspondence touching the matter between the parties is relevant evidence. The defendant's letter of January 6, 1880, becomes unintelligible without the previous letter received by him and excluded. That the weight of the evidence is slight does not justify its rejection. If the error stood by itself, it would probably not warrant a reversal, although, where the evidence is close, even matters of little weight may turn the scale.

We see no error in the instructions. The instruction given by the court of its own motion includes all that the plaintiff asked.

The judgment is reversed and the cause remanded. All the judges concur.