R. M. FOUNTAIN et al., Respondents, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1905.

EVIDENCE: Damages: Decline in Price of Stock: Telegram: Prejudice. A telegram stating a decline in the stock market at a given time is incompetent evidence and so prejudicial as to warrant a reversal. Fountain et al. v. Wabash Railroad Company, 114 Mo. App. 676, followed.

Appeal from Boone Circuit Court.—*Hon. A. H. Waller,* Judge.

REVERSED AND REMANDED.

*Geo. S. Grover* and *N. T. Gentry* for appellant.

*Thos. S. Carter* and *Gillespy & Conley* for respondents.

See 114 Mo. App. 676, for briefs.

JOHNSON, J.—This case is a sequel to Fountain v. Wabash Railroad Company, 114 Mo. App. 676, decided at this term. The action is for the recovery of damages alleged to have been sustained as the result of defendant's negligent delay in transporting 77 head of cattle shipped by plaintiffs from Sturgeon, Missouri, to the stock yards at Chicago. By reason of the delay the stock could not be placed on the market for sale until the day after that on which they could have been sold, had they been delivered in a reasonable time and as the market declined, plaintiffs claim to have sustained a loss on that account as well as from the loss of weight suffered by the cattle in being kept so long in transit. A trial resulted in a judgment for plaintiffs.

We observe but one error in the record. To support the contention that the market did decline to plaintiffs' detriment, one of the plaintiffs as a witness was permitted over defendant's objection, to state the contents of a telegram received by him from the commission firm that sold the cattle for plaintiffs. The information conveyed in the telegram was to the effect that the market value of such stock depreciated during the day in question some ten or fifteen cents per hundred pounds. For the reasons given in our opinion filed in the other case we must hold this to be harmful error. Evidently plaintiffs thought it would influence the verdict of the jury else they would not have insisted upon its admission against the objection of their adversary. We must assume that it was not without the intended effect and as we have no means of determining the extent of its influence, the only way open for the correction of the error lies in the remanding of the case for a new trial. Accordingly, the judgment is reversed and the cause remanded. All concur.