STELTEMEIER, Administrator, Respondent, v. BAR-
RETT, Appellant.

**St. Louis Court of Appeals, December 12, 1905.**

1. **PRACTICE: Evidence: Declarations.** In an action by an administrator upon a note payable to the deceased, where the defense was payment of the note, declarations made by deceased in his lifetime tending to show the note was not paid were self-serving and incompetent.

2. ————: **Instruction: Oral Statements by Judge.** Where incompetent evidence was excluded from consideration by an instruction to the jury, an oral declaration by the court in process of the argument that the evidence was competent nullified the instruction and was reversible error.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED.

*Kinealy & Kinealy* for appellants.

The court on the argument of the case gave a verbal instruction to the jury construing a written instruction he had already given and which written instruction he construed erroneously and which verbal instruction contained an erroneous statement of law and also of fact. Diel v. Stegner, 56 Mo. App. 539, and cases cited.

*John S. Leahy* for respondents.

BLAND, P. J.—Suit is on a note dated January 1, 1896, for $1,830, due three years after date, with seven per cent interest per annum from date, made by defendant and payable to Edward Doyle or order. The answer denied the execution of the note but admitted the execution of a note of even date with the one sued on, for the same amount and in all other respects like the one in suit, except that it was payable to Edward Doyle only, and alleged that this note had been fully paid.

Edward Doyle died April 2, 1902, intestate and letters of administration on his estate were granted plaintiff.

Plaintiff offered evidence tending to prove the execution of the note sued on and then read the note in evidence; also evidence that defendant had admitted there was a balance due on the note and evidence of his declarations that the note had been fully paid.

Doyle was an old man, without family, and the evidence shows that he got money from defendant about once a month to pay his board up to the time he went to the hospital where he died.

Defendant offered the following receipts in evidence:

"Received of J. V. S. Barrett $1,235.85 for board, lodging and money advanced Oct. 8, 1900; Nov. 8, 1897.

"EDWARD DOYLE.

"Received of J. V. S. Barrett the amount of money advanced to him by me in full Nov. 8, 1897.

"EDWARD DOYLE.

"St. Louis, January 2, 1897:

"Received of J. V. S. Barrett as interest on $1,830 at 7 per cent for year 1896, one hundred and twenty-eight dollars and ten cents.     "EDWARD DOYLE.

"Received of J. V. S. Barrett, Dr., for month's rent of W. A. Meagher, $10.   Received payment.

"EDWARD DOYLE, Agent.

"St. Louis, August 8, 1899.

"Received of J. V. S. Barrett to W. A. Meagher, Dr., for month's rent of . . . ten dollars.   Received payment.          "EDWARD DOYLE, Agent.

"St. Louis, September 11, 1899."

Henry Smidt, a witness for plaintiff, testified that Doyle boarded at his house from 1892 or 1893, until his death, but that he died in the hospital; that Doyle showed him the note on several occasions and when he

went to the hospital gave him the note and told him to keep it until he came back; that after Doyle's death he delivered the note to Doyle's nephew; that in a conversation with defendant about the note defendant said: "The note is no good, you can tear it up."

Plaintiff testified that when he presented the note to the defendant for payment he told him the note was paid. Doyle's nephew, to whom Smidt gave the note, testified that defendant told him there was something due on the note.

Defendant offered to prove statements made by Doyle in his lifetime in regard to his relations with defendant and defendant's ancestors, tending to show that these relations were friendly and confidential. The court excluded this evidence.

One of the instructions given for defendant reads as follows:

"The court instructs the jury that any statements of the witness Smidt while testifying upon the trial of this cause as to what was told him by Edward Doyle, deceased, are incompetent as evidence in this case and the jury will disregard them entirely in arriving at their verdict."

During the argument of plaintiff's counsel to the jury the following occurred:

Mr. Leahy said: "Gentlemen of the jury, it seems that your duty in this suit is not a difficult one. The facts presented to you are these. This administrator of Edward Doyle found this note. It was given to this druggist by old man Smidt. Smidt told you that this was given to him by Edward Doyle, who had been his tenant and had roomed with him for some ten or twelve years; had given it to him at the time that he (Doyle) went to the hospital, with the instruction that he preserve it for the benefit of Doyle.

"Judge Kinealy: All that has been ruled out and it is improper for counsel to make any remark in regard to it and I object to it.

"The Court: That is a fact, not a conversation. The fact that the witness was permitted to testify to the fact the note was given to him with the instruction to preserve it, is not ruled out or taken away from the jury by the instruction.

"Judge Kinealy: Anything Mr. Doyle said was ruled out.

"The Court: This is a fact and not a conversation.

"Judge Kinealy: We except to the ruling of the court."

The verdict was for plaintiff for $2,892.13.

1. The declaration of Doyle to Smidt, "you save this note for me until I come back," when he handed the note to Smidt, was a declaration of ownership of the note, implying that it had not been paid and that the whole of it was due. It was a self-serving declaration and for this reason was correctly excluded by the instruction given for the defendant. [Diel v. Stegner, 56 Mo. App. 1. c. 539, and cases cited.] But this instruction was wholly nullified by the oral declaration of the court, made during the argument, that the incompetent evidence was not incompetent and had not been excluded. For this error the judgment must be reversed.

2. The excluded evidence offered by defendant to prove friendly and confidential relations existed between the deceased and the defendant was too remote to be of any benefit to the defendant and of too unsatisfactory a character to throw any light upon the issues in the case. For these reasons we do not think it was error to exclude it.

The judgment is reversed and the cause remanded. All concur.