ROL MILLER & SONS, INC., a Corporation,
Plaintiff-Appellant,

v.

SCHULTZ PRODUCTS COMPANY, d/b/a
the Schultz Company, Defend-
ant-Respondent.

No. 32594.

St. Louis Court of Appeals.

Missouri.

July 18, 1967.

Rehearing Denied Sept. 13, 1967.

R. Richard Straub and Lewis, Rice, Tucker, Allen & Chubb, St. Louis, for appellant.

Norman Zaltsman, Clayton, for respondent.

CLEMENS, Commissioner.

The plaintiff corporation got a $5,148.14 verdict and judgment against the defendant corporation for sales commissions and merchandising work. The trial court granted defendant's motion for new trial on the ground it had admitted testimony contrary to the best evidence rule. The plaintiff appeals.

The briefs bring up two related questions: Where copies of plaintiff's letters to defendant were identified and erroneously admitted in evidence, but were not read or shown to the jury, was the error prejudicial? And where copies of plaintiff's bills to defendant were compiled from plaintiff's original records that were not before the court, was it error to admit the bills in evidence and let them be read to the jury?

Plaintiff's petition had two counts. By Count I plaintiff claimed that defendant manufacturer had hired plaintiff to sell defendant's detergents on a commission basis, and that plaintiff had earned $907.75 more than defendant had paid. By Count II plaintiff claimed that the defendant's detergents had been improperly packaged, that defendant promised to pay plaintiff the reasonable value of its work in repackaging the products, and that the reasonable value was $3,754.75. Defendant answered each count by a general denial.

Since the only issues on this appeal concern the admission of plaintiff's documentary evidence, a brief statement of the evidence will suffice as a basis for our rulings.

The defendant had recently begun to make household detergents, but had no sales force. The plaintiff was a sales broker, selling manufacturers' products primarily to chain grocery stores. Plaintiff and defendant orally entered into a working arrangement whereby plaintiff became defendant's sales representative—plaintiff to be paid a percentage commission on sales. This arrangement started in May of 1962 and lasted until August of 1964, when it was terminated by agreement. Plaintiff's president, Rolland Miller, testified from original records that the amount of commission earned but unpaid was $907.75, the amount sought by plaintiff's Count I.

In support of Count II plaintiff showed that in mid-1963 retailers began complaining to plaintiff about defective packaging of defendant's products: bottles were not full, liquid detergents were of poor quality, and packages of solid detergents broke upon the shelves. Plaintiff told defendant of the complaints and they discussed a solution. At the defendant's request—and upon its promise to pay plaintiff's expenses estimated at $3 to $4 per man-hour plus automobile expenses—plaintiff's employees refilled and replaced bottles, and taped, refilled and relabeled boxes. This work continued for several months at many stores and plaintiff claimed its expense was $3,754.75, the amount sought by plaintiff's Count II.

After the verdict and judgment for plaintiff for the full amount of each count, including interest, the trial court granted defendant's after-trial motion "upon grounds No. 5, that the Court erred in allowing secondary evidence to be admitted by plaintiff without first requiring plaintiff to support the introduction of secondary evidence by showing that the primary evidence was not available."

This referred to plaintiff's exhibits 3, 4, 10, 12, 13, 14 and 15—copies of letters plaintiff claimed to have written defendant. (Bills were attached to letter exhibits 10, 12 and 14, and we will deal separately with these bills, designating them later as 10A, 12A and 14A.) The letters concerned the termination of the parties' commission arrangement, the amount of sales commissions claimed, and the extent and cost of plaintiff's work on defective merchandise. Plaintiff's president, Rolland Miller, merely identified each exhibit as a copy of a letter he had written; he did not disclose the contents. There was no evidence about mailing the letters. (As to the necessary foundation for introducing copies of letters, see Miller v. John Hancock Mut. Life Ins. Co., Mo.App., 155 S.W.2d 324 [10–17].)

At the close of plaintiff's case the letters were received in evidence over the defendant's objections that no foundation had been laid for introducing secondary evidence. Each objection was overruled. Although the letters were "received in evidence," none was read or shown to the jury.

◼ The parties have briefed and argued several points about the court's admitting the letter copies: the need to demand production of the originals; whether a carbon copy is a "duplicate original"; the need for foundation evidence of mailing; whether some of the letters were admittedly received; and whether the letters concerned collateral matters. We need not resolve these issues since we have decided that any error in admitting these copies into evidence was harmless to the defendant. This, because none of the letters was read or shown to the jury nor were the contents otherwise disclosed. It is a basic judicial principle that a trial court should grant a new trial for an error only when that error harmed the complaining party. This being so, it logically follows that a new trial should be granted for er-

roneously admitting evidence only when that evidence has harmed the party who claims error. McDonald v. Heinemann, Mo.App., 141 S.W.2d 177 [5–7], and Kirst v. Clarkson Construction Co., Mo.App., 395 S.W.2d 487 [24–26]. Here the defendant was not harmed, because the contents of the letters reached neither the eyes nor ears of the jury. This principle has been applied to similar cases; see Robison v. Chicago Great Western R. Co., Mo.App., 66 S.W.2d 180 [16], and Gieske v. Redemeyer, Mo.App., 224 S.W. 92 [8].

This ruling disposes of the defendant's complaint about the letters. As said, we deal separately with exhibits 10A, 12A and 14A—the bills attached to letter exhibits 10, 12 and 14.

◼ Exhibit 10A concerned Count I. It was an itemized bill for plaintiff's $907.75 commission account. In separate columns the bill showed the date, customers' names, defendant's invoice numbers, and the amounts of sales and commissions. When plaintiff's president identified this bill he read to the jury the total amount of commissions, $907.75. This, over defendant's objection that the bill was not an original record. It was not, but an adequate foundation had been laid: the witness identified exhibit 11 as a group of carbon copies of the defendant's own invoices for each sale on which plaintiff claimed a commission; he also identified exhibit 2, plaintiff's original ledger sheets kept under his supervision contemporaneously with the original transactions. The use of a summary is proper under those circumstances. State ex rel. Sullivan County v. Maryland Casualty Co., 334 Mo. 259, 66 S.W.2d 537 [4, 5], and Bolling Company v. Barrington Company, Mo.App., 398 S.W.2d 28 [6]. The court did not err in permitting plaintiff's president to testify from exhibit 10A.

We hold that the trial court did not commit prejudicial error in admitting the exhibits discussed. So, it was error to grant a

new trial on ground No. 5 concerning copies of original documents, and plaintiff is entitled to its $907.75 judgment plus interest on Count I.

■ This conclusion disposes of the only point raised by the plaintiff-appellant. But it does not dispose of the appeal, because the defendant-respondent defends the grant of a new trial on another ground— one not assigned by the trial court but one that was raised in respondent's after-trial motion. This a respondent may do. Kirst v. Clarkson Construction Co., supra, at 395 S.W.2d 1. c. 490 [3].

■ In its after-trial motion, and here, the defendant contends the trial court should have granted a new trial on the further ground that it "erred in allowing Plaintiff to testify from summaries as to the amount allegedly owed Plaintiff by Defendant without first requiring Plaintiff to bring into the Court for examination and cross-examination by Defendant the original books of record from which the said summaries were allegedly taken." This claimed error concerns exhibits 12A and 14A, the copies of plaintiff's bills by which plaintiff sought to prove Count II for its work on defendant's defective merchandise.

As said, plaintiff had pleaded—and defendant had denied—that this work was done at defendant's request and that defendant had agreed to pay plaintiff the reasonable value of the work. So, both the quantity of work and its value were in dispute. Plaintiff tried to prove both facts by introducing copies of two bills it had sent the defendant, exhibits 12A and 14A. Mr. Miller read to the jury the amount of each bill, $1,250 and $2,504.25, over defendant's repeated objections that the bills were mere compilations: secondary evidence with no primary evidence to support them.

We summarize Mr. Rolland Miller's testimony about these exhibits: He prepared the $1,250 bill, exhibit 12A, for work done on defective merchandise before June 1, 1963. He said nothing about either the hours of work or rate of pay, nor was the $1,250 amount otherwise explained. He also prepared the $2,504.25 bill, exhibit 14A, for work from June 1963 to February 1964. Mr. Miller said only that he had made up exhibit 14A from the daily work reports each of his salesmen regularly turned in to his office. Thus, to make its case on Count II plaintiff relied entirely on exhibits 12A and 14A. These bills were no more than copies of self-serving declarations of what Mr. Miller had previously said out of court about the quantity and value of the claimed work. The bills were therefore inadmissible, and the court erred in admitting them and permitting witness Miller to read from them. Weller v. Weaver, 231 Mo.App. 400, 100 S.W.2d 594 [10]; Miller v. John Hancock Mut. Life Ins. Co., supra, at 155 S.W.2d 1. c. 327 [8]; Associates Discount Corp. v. Renderer, Mo.App., 199 S.W.2d 56 [1–2].

■ Not all errors are prejudicial, but these were. It is often held that incompetent evidence is prejudicial unless shown to be harmless. Oftentimes it is considered harmless when it is merely cumulative; but not so when the incompetent evidence is used by the prevailing party to prove a material point not otherwise established. That is just what we see here. Aside from exhibits 12A and 14A, there was no other substantial evidence of either the quantity or reasonable value of the work alleged in Count II. So the error was prejudicial. Schears v. Missouri Pacific R. Co., Mo. (banc), 355 S.W.2d 314 [2]; and compare Fountain v. Wabash R. Co., 114 Mo.App. 683, 90 S.W. 395. For this reason there must be a new trial on Count II. We have ruled, however, that there was no error pertaining to Count I for brokerage commission. Accordingly, the order granting defendant a new trial will be reversed as to Count I and affirmed as to Count II. The cause will be remanded with instructions that plaintiff's $980.37 verdict on Count I

shall be held in abeyance, as of February 7, 1966, pending disposition of Count II.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the order granting defendant a new trial is reversed as to Count I and affirmed as to Count II; and it is ordered that the cause be remanded with instructions that plaintiff's $980.37 verdict on Count I shall be held in abeyance, as of February 7, 1966, pending disposition of Count II.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.

## ON MOTION FOR REHEARING

PER CURIAM.

Plaintiff's motion for rehearing, or to amend so as to remand with instructions that the new trial of Count II be limited to the amount plaintiff is entitled to recover, is considered and denied; and on the Court's own motion it is ordered that our Per Curiam order of July 18, 1967, be and same hereby is amended by adding the following sentence: "The new trial on Count II of plaintiff's petition shall be limited to the issue of the amount plaintiff is entitled to recover."