## Case No. 15,308.

### UNITED STATES v. HARMISON.

[3 Sawy. 556.] [1]

District Court, D. Oregon.  Jan. 3, 1876.

#### AUTREFOIS CONVICT—JUDGMENT.

1. A plea of autrefois convict to an indictment charging the defendant with knowingly receiving gold dust stolen from the mails is sustained by evidence of a previous conviction of the crime of stealing the same dust from the mails upon the ground that the thief could not receive stolen goods from himself, and that his receipt and possession of the property, as such, was an integral part of the crime of larceny, of which he was already convicted.

2. A court has power to set aside or modify its judgments, in both civil and criminal cases, during the term at which they were given:
[Cited in Harris v. State, 24 Neb. 807, 40 N. W. 319; State v. Daugherty, 70 Iowa, 446, 30 N. W. 685.]

3. The legislature may carve out of a single transaction several crimes, but where a party is convicted of two crimes carved out of substantially one transaction, that fact ought to be considered in fixing the measure of his punishment.
[Cited in U. S. v. Byrne. 44 Fed. 189.]

[This was an indictment against Andrew J. Harmison. upon the charge of knowingly receiving gold dust stolen from the mails.] Motion to have the defendant's sentence reconsidered, and the measure of punishment readjusted.

William H. Effinger and James D. Fay, for the motion.

Rufus Mallory, contra.

DEADY, District Judge. Late in the evening of Tuesday, December 21, the defendant was found guilty of embezzling a mail pouch from the United States mail on the stage between Roseburg and Levins' station, in Southern Oregon, and stealing three cans of gold dust therefrom. On the next morning the case of the United States against this defendant and Sarah J. Montgomery. for receiving the same dust, knowing it to have been so stolen, was called for trial. [Case No. 15,800.] The defendant then asked leave to withdraw his plea of not guilty to the second indictment and plead autrefois convict thereto. Leave was granted. and after argument the plea was held good, upon the ground that the thief could not receive stolen goods from himself, and that his receipt and possession of the property as such, was an integral part of the crime of larceny, of which he had been already convicted. But to enable the defendant to maintain this plea of autrefois convict. and thereby avoid a second trial for a part of the same offense, he was first compelled to ask the court to pass sentence and give judgment of conviction in his case without further inquiry into the circumstances of it. Accordingly the court sentenced him to eight years' imprisonment

1 [Reported by L. S B. Sawyer, Esq., and here reprinted by permission.]

in the penitentiary, and ordered the execution of the sentence to be stayed until the further order of the court.

It is the settled practice of this court where a discretion is given it, as to the extent of the punishment to be imposed upon a party, to hear evidence of any circumstances which may properly be taken into view, either in mitigation or aggravation of such punishment. A similar mode of proceeding is prescribed for the state courts in like cases in sections 204–207 of the Oregon Criminal Code. The term at which this judgment was given, not having yet passed, the power of the court to set it aside or modify it, is undoubted. The supreme court in Ex parte Lange, 18 Wall. [85 U. S.] 167. announce the general rule upon the subject in these words: "The general power of the court over its own judgments, orders and decrees, in both civil and criminal cases, during the existence of the term at which they were first made, is undeniable."

On Thursday, and immediately after the trial of the indictment against Sarah J. Montgomery had resulted in a verdict of "Not guilty," the defendant made this application, and it appearing from the facts in the case that the defendant, by no fault of his own, had been deprived of the opportunity to offer evidence of circumstances in mitigation of his punishment, it was granted. On the reconsideration of the motion to fix the punishment, the defendant was examined as a witness on his own behalf, and cross-examined by counsel for the United States. (Here the court stated the testimony of the defendant, and considered its probability.)

On the whole, and for the purposes of the question before the court, I am constrained to regard the defendant, however guilty, as neither the sole nor principal party in the transaction. Still, upon his own admission and in contemplation of law, he is guilty of embezzling the pouch and stealing the dust therefrom. What he assisted another to do, he is technically guilty of doing himself.

When sentence was pronounced upon the defendant for four years' imprisonment for each offense, the court had no time or opportunity to examine into the matter, and supposing he would not be called for sentence until after the trial of the indictment for receiving the dust, and probably not until after the disposition of a motion for a new trial, I had not given the matter any particular consideration.

Section 5467 of the Revised Statutes, upon which this indictment is found, is far from being as clear and distinct as it should be. But I think it probable, and so charged the jury, that the legislature intended to make the act of taking a sack from the mail and abstracting its contents, two separate and distinct offenses, although, as in this case, done by the same person and at the same time. There is no doubt but that the legislature may carve out of a single transaction several crimes, and this seems to be the effect of the statute in this case. Yet, it is certain, that morally speaking, there was but one crime committed—one criminal transaction—in taking this pouch and appropriating its contents, and as the law has carved two offenses out of it, for both of which the defendant has been found guilty, the court, in fixing the measure of his punishment, ought to take that fact into consideration. Therefore, in consideration of the premises, the defendant is sentenced for the crime of embezzling the mail sack intrusted to his care, to five years' imprisonment at hard labor, this being the maximum punishment provided for the offense; and for the crime of taking the gold dust from the sack already so embezzled he is sentenced to one year's imprisonment at hard labor, that being the minimum punishment provided for the offense, and it is also ordered that this judgment be executed in the penitentiary of this state.