THE STATE v. DOUGHERTY.

70 439
98 361
70 439
e132 606

1. **Criminal Law**: INCREASE OF FINE AFTER JUDGMENT ENTERED. Under the decisions of the courts in this country and in England, (see authorities in opinion,) as well as under § 178 of the Code, a court has authority, after it has entered judgment of a fine against a defendant, at the same term, and before any part of the judgment has been performed, to set the judgment aside, and enter another judgment imposing a heavier penalty.

*Appeal from Buchanan District Court.*

TUESDAY, DECEMBER 21.

THE defendant was charged by indictment with the crime of nuisance. He pleaded guilty to the charge, and the court

entered judgment against him, imposing a fine and the costs of the proceeding. Afterwards, at the same term, and before any part of the judgment had been performed, the court set the judgment aside, and entered another judgment against him, imposing a greater fine than was imposed by the first judgment, and from that order defendant appealed.

*E. E. Hasner,* for defendant.

*A. J. Baker, Attorney-general,* for the State.

REED, J.—There was no question as to the validity of the judgment first entered. All the proceedings anterior to it were regular. It was entered in regular form, and the penalty imposed by it was such as the court had the power to impose for the offense charged in the indictment. The question in the case is whether the court, after it had entered a judgment in regular form against the defendant, had the power, at the same term and before any part of the judgment had been performed, to set that judgment aside, and enter another judgment against him imposing a heavier penalty. The power of the courts to revise, correct and change their sentences, at the term at which they are pronounced, and before anything has been done under them, has long been recognized both in this country and in England; and the cases are numerous in which the power has been exercised. See *Com. v. Weymouth,* 2 Allen, 144; *U. S. v. Harmison,* 3 Sawy., 556; *Memphis v. Brown,* 94 U. S., 715; *Ex parte Sawyer,* 21 Wall., 235; *Burnside v. Ennis,* 43 Ind., 411; *Regina v. Fitzgerald,* 1 Salk., 401; *Rex v. Price,* 6 East, 323; *Rex v. Leicestershire Justices,* 1 Maule & S., 442. And if there were any doubts as to the existence of the power independent of statute, we think it is expressly conferred by section 178 of the Code, which is as follows: "The record aforesaid is under the control of the court, and may be amended, or any entry therein expugned, at any time during the term at which it is made, or before it is signed by the judge."          AFFIRMED.