THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL BEVINS, Appellant.

(County Court, Oneida County, November, 1911.)

Criminal law — Former adjudication and second jeopardy — Identity of particular crimes.

The Legislature may carve out of a single act or transaction several crimes so that in the same transaction one may commit several distinct crimes; and an acquittal or conviction of one of said crimes is not a bar to a prosecution for another.

County Court, Oneida County, November, 1911. [Vol. 74.

A conviction for public intoxication is not a bar to a prosecution under section 720 of the Penal Law for disorderly conduct growing out of the same transaction.

While defendant and his friends were walking on Sunday, in the course of a fight between them on one side and a magistrate of the City Court of Utica on the other, defendant used vile and obscene language in the presence of a number of persons, including women and children. Defendant was arrested and tried before the City Court of Utica for public intoxication and was convicted and sentenced. He was also, after several trials, on which he specially pleaded a prior conviction for the same offense, convicted of disorderly conduct under section 720 of the Penal Law. On appeal from the latter conviction, held, that the transaction involved the commission of two separate and distinct crimes and that the conviction should be affirmed.

On the trial for disorderly conduct after the people had rested their case, defendant offered in evidence so much of the City Court of Utica docket as showed the defendant's prior conviction for public intoxication and the sentence thereon imposed. Held, that no error was committed by the exclusion of such evidence.

Appeal from a judgment of the City Court of Utica convicting defendant of disorderly conduct under section 720 of the Penal Law.

P. H. Fitzgerald, for appellant.

William R. Lee, assistant district attorney, for respondent.

Hazard, J. On the 12th day of February, 1911, this defendant and a party of friends were walking upon a public highway in the city of Utica in the afternoon, and they met a magistrate of the City Court of that city; and an altercation occurred between the defendant and his friends on one side, and the magistrate upon the other, in the course of which it is claimed and proven that the defendant used some exceedingly vile and obscene language; and a fight occurred which was commenced by the magistrate, but under circumstances which make it rather fair to infer that, if he had not commenced it when he did, the defendant and his party would have assaulted him. The day was Sunday, and there were quite a number of persons present or in the immediate vicinity, including a number of women and children.

Defendant was arrested and tried for public intoxicatiou in the City Court of Utica, and convicted and sentenced to a short term of imprisonment. He has also been arrested, tried, and, after several trials, convicted of disorderly conduct under section 720 of the Penal Law. From the latter conviction he has appealed to this court. Undeniably both convictions were for the same occurrence, that is, growing out of the transaction briefly outlined above. On the trial of this action in City Court, defendant pleaded not guilty; and he also entered the special plea in effect that he had already been convicted for the same offense. In other words, it is defendant's contention herein that the prior conviction for public intoxication was the same transaction and embraced the same offense for which he was subsequently tried and convicted for disorderly conduct; and the question whether it is or not is the sole question of any importance in this case.

Undoubtedly the Legislature can carve out of a single act or transaction several crimes, so that the individual may, at the same time and in the same transaction, commit several distinct crimes, in which case an acquittal or a conviction of one will not be a bar to an indictment for another. 12 Cyc. 282; U. S. v. Harmison, 26 Fed. Cas. 165. Section 9 of the Code of Criminal Procedure provides that: "No person can be subjected to a second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted." Very numerous cases in the books decide that the criminal acts referred to must be identical to come within the rule, but there exists a surprising diversity of opinion in connection with cases where there have been indictments for two or more alleged crimes growing out of the same transaction. The general rule is that, to be available, the former conviction or acquittal must be on a prosecution for the identical act or crime; and the difficulty of application here grows out of the claim of the people that there were several offenses or crimes involved in the same transaction; and the question we have to decide is as to whether Bevins, in the affair outlined above, committed one or two offenses, or, to put the same proposition in another way, was the use of profane and obscene language in this public place included in and a part of

the crime of public intoxication for which he has already been tried and convicted? It may be said that there is probably no doubt but that the evidence in both cases was quite similar, and it is doubtless true that the evidence of the profane and obscene language at that time and place, taken in connection with the other facts, was an element of proof in establishing the intoxication of the defendant; but this does not necessarily prove that the two crimes are the same. To render the plea of a former conviction available, it must have been for the *same identical crime*. People v. Saunders, 4 Park. Crim. 198. It is also said that, to constitute a bar, the offense charged in both indictments must be identically the same *both in law and in fact*. People v. Birch, 5 N. Y. Crim. 30; 17 Am. & Eng. Ency. of Law (2d ed.) 596. Applying this test, it is obvious that the crime of public intoxication and the crime of disorderly conduct are not the same in law, however closely they might happen to be allied in fact. It is laid down as a principle well established that, unless the first indictment was such as the prisoner might have been convicted upon by proof of the facts contained in the second indictment, an acquittal on the first indictment can be no bar to the second. Burns & Carey v. People, 1 Park. Cr. Rep. 184; People v. Birch, 5 N. Y. Crim. 30; People v. Saunders, 4 Park. Cr. Rep. 198; 17 Am. & Eng. Ency. of Law (2d ed.) 597; 12 Cyc. 280. Applying this test also to the case at bar, it seems to be obvious that the crimes are separate and distinct as a matter of law, although they may be closely related on the facts. A man may be intoxicated without using profane and obscene language, and, *vice versa,* he may use profane and obscene language in excess without being intoxicated. Defendant could not have been convicted of the crime of public intoxication by proof of any quantity of obscene and profane language. There must have been other proof. As a matter of fact, there was proof in the intoxication case that he talked loudly, walked unsteadily and staggered. A case in which the distinction just made is well illustrated is Morey v. Commonwealth, 108 Mass. 433, in which it is said: "A conviction or acquittal upon one indictment is no bar to a subsequent conviction and

sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if *each* statute requires *proof of an additional fact which the other does not,* an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

Starting out with the above as an authoritative statement of the law involved, and assuming the disorderly conduct of the defendant, so far as profane and obscene language goes, as in proof, we find that to convict him of public intoxication there must have been other evidence adduced; and there *was* other evidence adduced in the intoxication case, as outlined above. Now, taking the case at bar and assuming the same proof in evidence regarding the profane and obscene language, we again cannot convict unless there is other proof, to wit, that it must have annoyed or interfered with some person or persons, as provided in section 720 of the Penal Law. A case illustrative of the lack of identity of the two charges, which seem to be more or less similar, is that of Ball v. State, 67 Miss. 358, in which a defendant had been convicted of drunkenness and swearing in a public place in the presence of two or more persons; and it was held that conviction was no bar to a subsequent indictment for disturbing religious worship, although the whole affair was really one and the same transaction; the court holding that the crime of disturbing religious worship involved "other modes than by being drunk and profane, and, therefore, there was a want of *identity* of the two charges."

I think we must, therefore, assume that there were in this case, or in these cases, two separate and distinct crimes committed. There is nothing unusual or extraordinary about such a state of affairs. For instance, prisoners are commonly indicted for burglary and larceny; also for robbery and assault, and for assault and rape, as well as for many other dual crimes which in fact really grow out of one transaction.

We will consider briefly the practice followed at the trial of the case. After the people had rested their case, the record shows that defendant's attorney. " offers in evidence so much of the City Court of Utica docket as shows the conviction of Michael Bevins for public intoxication on March 2, 1911, and the sentence of 30 days under such conviction to the Oneida County Jail for said offense." This was objected to and excluded, and appellant's counsel insists that the ruling constitutes error.

When the plea of a former conviction is offered, and evidence is offered in substantiation of it, I apprehend that the question thus presented is a *mixed question of law and fact*, and that the question as to whether the proofs offered thereunder are irrelevant and incompetent is, in the first instance, for the court. In the case at bar the defendant was being tried for disorderly conduct, and defendant's counsel produces a record of a prior conviction for public intoxication. It seems to me that it was for the court to decide whether the evidence offered was competent and relevant. Surely, the defendant's attorney's claim that the crimes were one and the same, didn't make it so; and it seems to me clear that the presiding judge had a right to pass in the first instance upon the question and decide whether the evidence of a former conviction, alleged to be for the same offense, should go to the jury for their consideration. The defendant didn't offer the evidence taken in the former case, but simply the outcome. We have, in considering this case, given the defendant the benefit of a full consideration, not only of the former conviction, but of all the facts involved and all the evidence taken on the former trial, the same as if it had been admitted in evidence, and have reached the conclusion that the two crimes are not identical; and, if that conclusion is correct, the action of the special city judge in excluding the offered record of conviction did not constitute an error. It has been said that in such a case on such a plea the party should be allowed free scope for inquiry as to what was in truth the substantial matter before litigated. People v. McGowan, 17 Wend. 389. Also that, where a defendant relies upon an adjudication of the matter in controversy in a former suit, he is not

confined to the record alone, but may show by extraneous proof what particular matters were litigated. People ex rel. Hunt v. Markel, 22 Misc. Rep. 608. " The identity of an offense charged in the indictment with that charged in a prior one must be shown. It may be shown by parol." Abb. Tr. Brief (Crim. Causes) 2d ed., 496. I have reached the conclusion that, assuming that the defendant was given the fullest possible latitude of proving every fact whatever in connection with his former conviction (for another crime), the court should have instructed the jury that they must consider it in connection with the present offense, because, as a matter of law, and as a matter of fact, it was not identical with the offense then on trial; and I, therefore, reach the conclusion that no error was committed in excluding the evidence offered by the defendant with relation to the former conviction.

Defendant's counsel raises the point that there was error in the instruction given to the jury that they might find that people were annoyed by the language used by the defendant. It is true, as we have already pointed out, that to secure a conviction under section 720 of the Penal Law it must be shown that someone was annoyed. I think, if it may be assumed as proven that the defendant used half the inexpressibly vile language he is credited with having used on that occasion, in the presence and hearing of men, women and children, that the jury might reasonably infer and decide that such language annoyed them. Furthermore, there is the direct and positive testimony of the magistrate in question that he was annoyed by defendant's language, and this was surely sufficient. I have examined with care all of the cases cited by defendant's counsel, and do not find anything in any of them contrary to the conclusions here reached. The only one that is at all in point is that of Clem v. State, 42 Ind. 420. That was a case where, with one shot, defendant killed two persons, and had been indicted separately for the crime of murder in the first degree in each case, had been convicted of murder in the second degree in the trial of the first case, and pleaded that conviction in bar of that trial on the second indictment; and it was held good upon the ground

that there was but one single act of crime, to wit: A single discharge of a single firearm. There is a radical difference between such a situation and that involved in the case at bar; and I do not regard that case as in point. None of the other cases cited by the defendant are even approximately in point.

I have examined this and the law involved with great care, because I am not without a suspicion that there were some elements involved in the former conviction which are also included in the one at bar, and it does not seem just that there should be more than one punishment for what might perhaps be considered as one offense; but I think that, as pointed out in the case of U. S. v. Harmison, *supra,* there is an undoubted legislative right to carve several crimes out of a single transaction, and the only remedy in such a case is that there pointed out — for the court in fixing the measure of punishment to take the facts into consideration. It appears to me that has been done in this case. Defendant has been convicted of what is made by law a misdemeanor, for which he might have received a fine of many times the amount imposed, and imprisonment besides; and it seems to me that the court has dealt exceedingly leniently with him, especially in view of the revolting nature of the language used by this defendant in a public place upon the Sabbath day.

The judgment must, therefore, be affirmed.

Judgment affirmed.