THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY SPITZER and Others, Defendants.

Supreme Court, New York County, May 24, 1933.

*Thomas C. T. Crain, District Attorney [Henry Alexander, Assistant District Attorney,* of counsel], for the plaintiff.

*Slade & Slade* and *Sanford H. Cohen,* for the defendants.

McNamee, J. It seems the only reasonable deduction from the opening of the United States Attorney in the Federal court that he presented to the jury the overt acts of the defendants as the sole basis from which the jury were asked to infer a conspiracy or a corrupt combination. And the court made it perfectly plain in its charge that there was no other evidence from which such a corrupt understanding might be inferred. Acting upon this evidence, and pursuant to this charge of the court, the defendants were found guilty. They now interpose this conviction as a bar to a trial in this court.

In so far as material here, the Federal statute under which the defendants were tried in the United States court is as follows: " If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, * * * they shall be fined not more than $5,000 and imprisoned not more than ten years, and shall, moreover, be thereafter ineligible to any office, or place of honor, profit, or trust created by the Constitution or laws of the United States." (U. S. Code, tit. 18, § 51; 35 U. S. Stat. at Large, 1092.)

Sections 753 and 766 of the Penal Law of New York make felonies the intentional making of a false canvass of the ballots cast at an election, or the intentional making of a false statement of the canvass of such votes. It is thus seen that the unlawful overt acts which were proved against, and resulted in the conviction of, the defendants in the Federal court are the precise acts which are made felonies by the State statute. And it is the proof of these overt acts which constituted all of the evidence that was submitted on the former trial, or which may be submitted on a trial in this court. This identity of proof is not disputed by the parties here.

It is clear from the authorities that if the two offenses charged are not the same, the trial of one will not constitute a bar to the trial of the other. The difficulty arises here in determining whether the two cases are the same within the Constitution and laws of New York.

It is not overlooked that the conviction in the Federal court included the added element of a corrupt combination between the defendants; but that was a part of the unlawful conduct of the defendants, and may be and was inferred as a natural consequence of the circumstances and acts done. These inspectors did not perform their duties independently under the Election Law, but acted jointly. Each member of the board was charged with the obligation of seeing that an honest and correct canvass and state-

ment of canvass were made, and the same joint statements were necessarily made and signed by each. On such proof the only reasonable inference was that there was an illicit understanding between them, or the unlawful result charged would not have been consummated. A crime, in so far as we are concerned here, must be an act, or a combination of acts, or, as is frequently said, a transaction. A mere agreement or combination to falsely count or report the votes under the Election Law, however corrupt, cannot be a criminal offense. (Penal Law, § 583.) And, further, any corrupt combination in this case on the evidence did not have any existence apart from the unlawful joint acts themselves. Support is given to this view by the result of a recent trial of a like case in the Federal court, the defendant in which is now moving in another motion against a second trial here. He was tried with four members of the election board on a charge of corrupt combination. The members of the board were convicted, and he was acquitted, he not being a member of the board. ( *United States* v. *Greenblatt*, District Court, S. D. of N. Y. 1933.)

The theories advanced by the People are that the same act may constitute a crime against the laws of the United States and also against the laws of a State; and in such case both governments may prosecute the offense. That is the practice permitted in the Federal courts. ( *United States* v. *Lanza*, 260 U. S. 377, 382.) In that jurisdiction the Fifth Amendment of the United States Constitution, providing against double jeopardy, has been construed to prohibit second jeopardy only when both offenses are under " the same authority." But such is not the law of New York. Our Constitution (Art. 1, § 6) forbids that a person be " twice put in jeopardy for the same offense." A statute provides: " No person can be subjected to a second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted." (Code Crim. Proc. § 9.) Another New York statute provides that when an offense is committed under such circumstances that the courts of this State and of another State or country have jurisdiction and a defendant has been convicted or acquitted in the other State or country, in a criminal prosecution, on the merits, the acquittal or conviction there is a sufficient defense here. (Penal Law, § 33.) And still a third statute provides that when an act charged as a crime in another jurisdiction is also a crime in this State, a conviction or acquittal in the former is a bar to a prosecution therefor in this State. (Code Crim. Proc. § 139.)

Various tests have been applied by the courts in determining whether crimes charged in two indictments are " the same offense," viz., (a) whether the offenses are the same in fact and in law,

(b) whether they are of the same legal character, (c) whether the same evidence will support both charges. As to the first test mentioned there is and can be no dispute that the facts are the same. In referring to the legal aspect of the cases the Supreme Judicial Court of Massachusetts said: " But it is not necessary that the charges in the two indictments should be precisely the same; it is sufficient if an acquittal from the offense charged in the first indictment virtually includes an acquittal from that set forth in the second, however they may differ in degree.". (*Commonwealth v. Roby*, 12 Pick. 496, 504.)

Although the Federal prosecution was conducted and the case submitted to the jury on the theory of a corrupt agreement or combination, still that corrupt understanding had no existence, in the evidence, apart from the overt acts charged here. As above noted, that corrupt combination was naturally inherent in the joint overt acts for which the defendants are now indicted. The legal duty imposed on the defendants by the Election Law having been a joint one, its violation, within the evidence here, was also joint, and of necessity the result of a corrupt understanding. It is not reasonable in this case to attempt to separate the corrupt understanding from the overt acts, when the only proof of corruption lies in the commission of the joint overt acts themselves. It was a single transaction.

As to their legal character, both of the crimes charged are felonies, and charge the defendants with the same acts, and that those acts were violations of the Election Law of New York, and that the purpose of such acts was to deprive citizens of their legal rights under that law.

And finally, the same evidence supports both indictments. The Federal court already has convicted these defendants on precisely the same evidence that is available here, and no other — the same evidence that has justified convictions in other trials in this court at this term. It is thus demonstrated that the facts and proof which would justify a conviction in this court have already formed the sole basis for a conviction in the Federal court. It has long been a rule and regarded as a true test that when a conviction under a first indictment is justified by proof of the facts charged in the second, a conviction under the first indictment is a bar to the prosecution under the second. (*Roby Case, supra*, 503.) In that case the court of Massachusetts discussing the test of " the same evidence," said: " If the facts charged in the indictment now pending, could have been given in evidence, and would have supported the former indictment, then, * * * the prisoner might be here again convicted of precisely the same offence and so be twice

punished for the same crime. Or, should he have been acquitted on the former indictment upon a full trial upon the merits, still he might upon a trial here be convicted, contrary to the plainest principles of justice and of criminal jurisprudence."

The right of a defendant to be tried only once for the same offense has long been recognized and cautiously guarded by the common law among all English-speaking nations, and has been restated and preserved to us by our Constitution, as well as by various statutes; and the rule that safeguards this ancient and important right should not be so attenuated and hedged about by technicality and refinement as to render its application difficult, or its security uncertain. The defendants participated in but a single transaction, and the acts for which they are indicted here are precisely and exclusively the facts upon which they were convicted and sentenced in the Federal court. It is the spirit and purpose of the laws of New York that for the same acts and upon the same evidence a defendant shall not be twice put in jeopardy. The former conviction in the Federal court is a bar to a further prosecution of the indictment here.