The People of the State of New York, Plaintiff, *v.* Lawrence H. Taft, Defendant.

Supreme Court, Extraordinary Term, Orange County, September 19, 1940.

*John J. Bennett, Jr., Attorney-General* [*Raymond P. Whearty, Assistant Attorney-General,* and *Edward G. O'Neill, Assistant Attorney-General,* of counsel], for the plaintiff.

*Stanley B. Johnson,* for the defendant.

*Charles W. U. Sneed, amicus curiæ.*

Personius, J. As to the first motion the evidence presented a question of fact; the credibility of the People's witnesses was for the jury. The evident reluctance of some of them might have inclined the jury to credit their testimony. It is denied.

As to the second motion, the defendant did not plead a former judgment of conviction or acquittal. (Code Crim. Proc. §§ 332, 334; *People* v. *Smith,* 172 N. Y. 210, 227.)

However, the question is involved in other cases. We, therefore, consider the second motion on its merits. The defendant was convicted under indictment No. 52 of *violating* sections 986 and

970 of the Penal Law. They refer to "book-making" and "common gambler" respectively. He and two others had been previously tried and convicted under indictment No. 54, charging them with *conspiracy* (Penal Law, § 580) to *violate* the said sections 986 and 970. The defendant now contends that by being placed on trial in this action under the substantive indictment No. 52, charged with the *actual* violation of those sections, he is placed twice in jeopardy.

What constitutes double jeopardy? " A plea of *autrefois acquit* must be upon a prosecution for the same identical offense. * * * It must appear that the offense charged * * * ' was the *same in law and in fact*. The plea will be vicious if the offenses charged in the two indictments be perfectly distinct in point of law, *however nearly they may be connected in fact.*' " (*Burton* v. *United States*, 202 U. S. 344, 380.) " The test is not whether the defendant has already been tried for the same *act*, but whether he has been put in jeopardy for the same *offense*. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." (Italics ours.) (*Morey* v. *Commonwealth*, 108 Mass. 433, 434.)

To the same effect see *State* v. *Gustin* (53 S. W. 421, 422); *Commonwealth* v. *Roby* (12 Pick. [Mass.] 496); *People* v. *Bevins* (74 Misc. 377); *People* v. *Faden* (271 N. Y. 435, 443).

In the case at bar the defendant was first charged, tried and convicted of conspiracy. " A conspiracy to commit a felony [a crime] constitutes an independent crime, distinct from the felony [or crime] contemplated and complete in itself. It consists of a series of acts which constitute the misdemeanor, and under such circumstances the fact * * * that the evidence upon a trial discloses that the conspiracy was executed by the commission of a felony should not prevent a conviction for the crime of conspiracy, * * * The crime of conspiracy does not consist of both the conspiracy and the acts done in carrying it out but of the conspiracy alone." (*People* v. *Tavormina*, 257 N. Y. 84, 92, 93.) It was there held that a conspiracy to commit a crime did not merge in the actual commission thereof. It follows that the crime of conspiracy for which the defendant was tried and convicted under indictment No. 54 is not the same as the crime for which he was here tried and convicted under indictment No. 52. They are " independent " crimes, not only because they arise under separate statutes but because they are different in fact.

Conspiracy is established by proving an agreement to commit a crime without alleging or proving its commission. While some overt act must be alleged and proven, the crime in its entirety need not be. But the substantive crime, that is its actual commission, may be alleged and proven without alleging or proving any conspiracy. In each case one fact must be alleged and proven which is not required in the other. The crimes are not the same either in law of in fact.

The defendant argues that the evidence produced to establish the conspiracy was substantially the same as that produced to establish the substantive crime. This goes to the evidence, not to the charge.

The conspiracy to commit a crime may be shown (1) by evidence of an actual oral or written agreement, or (2) by proof of acts and circumstances including the actual commission of the planned crime, from which the jury may infer that there was a conspiracy to commit it. (*People* v. *Miles*, 123 App. Div. 862, 875; affd., 192 N. Y. 541; *People* v. *Connolly*, 253 id. 330, 342.) Proof of the actual commission by the defendant is competent on the trial of a conspiracy indictment and a jury may infer the conspiracy therefrom. Nevertheless, the actual commission of the crime is no part of the charge under the conspiracy indictment. Although evidence of the actual commission is admitted under a conspiracy indictment, a defendant cannot be convicted of the actual commission under a conspiracy indictment.

Where evidence of the actual commission of the crime is introduced to support an indictment for conspiracy, a jury might believe that the crime was actually committed by the defendant and still not " infer " from the evidence that there had been a conspiracy to commit it. This would result in an acquittal as to the conspiracy but it could not be said that there had been a verdict or even trial on the substantive charge of actually committing the contemplated crime.

While our attention is called to no authority in New York, it has been frequently held in the Federal courts that a conviction or acquittal on a charge of conspiracy will not support a plea of double jeopardy on a trial under a substantive indictment for the actual commission of the crime growing out of the same facts. (*Moorehead* v. *United States*, 270 Fed. 210; *Harris* v. *United States*, 273 id. 785, 790; *Bens* v. *United States*, 266 id. 152, 159, 160; *Bell* v. *United States*, 2 F. [2d] 543.) In some of the cases, instance *Moorehead* v. *United States* (*supra*), it is said that " the test of the identity of *offenses* is whether the same evidence is *required*

to sustain them." (Italics ours.) The two offenses or charges here involved do not "require" the same evidence to sustain them. Conspiracy requires proof of an agreement but no proof of the actual commission of the crime. The substantive indictment requires no proof of an agreement but it requires proof of the actual commission of the crime. The circumstances of this and other cases may make it necessary to use the same witnesses and prove the same facts but, as in *People* v. *Bevins* (*supra*), the offenses or charges do not "require" the same evidence to support them. (See, also, *Fall* v. *United States*, 49 F. [2d] 506, 510, 511, where the court said: "It necessarily followed that the evidence in support of the charge [conspiracy] was substantially the same in both cases but the offenses charged were not the same.")

The defendant cites *People ex rel. Kwiatkowski* v. *Trenkle* (169 Misc. 687). The defendant had pleaded guilty to corrupting the morals of a child and been sentenced. Thereafter, he was indicted on three counts, (1) for attempted rape in the first degree, (2) for attempted rape in the second degree, and (3) for the carnal abuse of a child. Double jeopardy was pleaded. The court cited *Burton* v. *United States*, *Morey* v. *Commonwealth* and *People* v. *Bevins* (*supra*) *with approval*. It held that the crime to which the defendant pleaded guilty was different from those charged in the first and second counts of the indictment. Those counts seem to have been disposed of on the principle of *res adjudicata*. Also, the court points out that the indictment charged "attempt," which involved intent, while the crime to which the defendant had pleaded did not require a "particular intent," and that the difference in the offenses charged consisted "solely in the intention of the criminal" (p. 696), which was not sufficient to make them independent offenses. Such is not this case.

In *People* v. *Silverman* (281 N. Y. 457) the court merely held that a single conspiracy could not be split, and that it was a question for the jury whether the defendant engaged in two separate conspiracies or a blanket conspiracy. In *People* v. *Spitzer* (148 Misc. 97) the defendants had been convicted in the United States court of combining and conspiring to oppress voters. They were indicted in the State court for making false canvass of ballots. Both indictments grew out of the same misconduct. Mr. Justice McNamee treated the Federal prosecution as a prosecution for the acts done and not as a prosecution "on the theory of a corrupt agreement or combination" although it was that in form. He drew no distinction between conspiracy and the substantive crime. Such a distinction is clearly drawn by our Court of Appeals.

In *People ex rel. Ticineto* v. *Brewster* (241 App. Div. 467) the same acts were held to constitute two possible offenses. Here the same *acts* do not constitute the two offenses, although the same testimony is competent to prove both. Nevertheless, the offenses are not the same.

The second motion is also denied.

Submit order in accordance herewith.