THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES THORNTON, Relator, against HENRY E. BECKER, as Sheriff of Niagara County, et al., Defendants.

Supreme Court, Trial Term, Niagara County, January 2, 1947.

*James Thornton*, relator in person.

*John S. March, District Attorney*, for defendants.

GOLD, J. A writ of habeas corpus was issued herein upon the petition of James Thornton.

The relator is confined in the Niagara County Jail by virtue of a judgment of conviction of the crime of violation of section 1146 of the Penal Law upon a verdict of a jury on the 2d day of July, 1946, in the County Court of Niagara County.

Relator claims in the petition herein that he was indicted in the January Term, 1946, in the District Court of the United States, Western District of New York, for the crime of harboring an alien prostitute for immoral purposes, and that a duly qualified jury rendered a verdict of not guilty on or about March 25, 1946.

Upon the trial in County Court, this relator who was defendant therein, through his counsel, made certain motions, one of which was as follows: "We also move to dismiss the first count of the indictment on the grounds of double jeopardy. And with regard to this motion, I introduce and ask to have received in evidence an indictment brought by the United States of America against Larry Robinson, James Thornton and Lucy Palumbo, in the United States District Court, Western District of New York, by a Grand Jury which convened on the Second Tuesday in November, 1945, before the Honorable JOHN KNIGHT."

This motion was denied.

The indictment found in the United States District Court against this relator was for conspiracy to violate certain Federal statutes, to wit: Violation of section 144 of title 8 of the United States Code for harboring aliens; section 402 of title 18 of the United States Code for being the operator of a bawdy house and failing to register alien prostitutes with the Commissioner of Immigration; and section 399 of title 18 of the United States Code for violation of the White Slave Transportation Act for illegal transportation of girls for immoral purposes.

The indictment was found against this relator and also against Larry Robinson and Lucy Palumbo. The indictment upon which the relator was tried and acquitted was not for a violation of any of the above statutes. The charge was against all three for conspiring to violate the said statutes.

The conviction in the County Court of Niagara County was upon an indictment handed down by the Grand Jury of Niagara County in which only James Thornton and Lucy Palumbo were defendants, of keeping and maintaining a disorderly house of ill-fame and assignation in violation of section 1146 of the Penal Law of the State of New York.

It has been held in this State that the crime of conspiracy to violate sections of the Penal Law is not the same as the crime of the violation of those statutes. A conspiracy to commit a crime does not merge in the actual commission thereof.

The relator in this habeas corpus proceeding contends that the same witnesses were used against him in the United States District Court upon which an acquittal was had as were used in the Niagara County Court in which a conviction was had.

It has been held in this State that the argument that the evidence produced to establish the conspiracy was substantially the same as that produced to establish the substantive crime goes to the evidence and not to the charge.

Conspiracy requires proof of an agreement but no proof of the actual commission of the crime. (*People* v. *Taft*, 174 Misc. 1033.)

The Court of Appeals in this State has held that the writ of habeas corpus cannot take the place of an appeal. That in a habeas corpus proceeding, the legal correctness of the determination made, whether irregular, erroneous or otherwise, cannot be reviewed in said proceeding. If any such errors exist, the only remedy is by appeal from the judgment of conviction. (*People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46.)

This court therefore holds that a conspiracy to violate a statute is not the same crime as a violation of a particular statute.

Further, the relator's claim that he was placed in double jeopardy by his trial and conviction in the Niagara County Court cannot be reviewed in this proceeding. His only remedy would have been by an appeal from the judgment of that court.

The writ is therefore dismissed.

Let an order be entered accordingly.