Albert H. Bosch, J.
This is an omnibus motion on behalf of this defendant wherein he seeks:
(1) Dismissal of Indictments Nos. 1075-61 and 1289-61 on the grounds of former jeopardy;
(2) For a hearing on a writ of error cor am nobis as to Indictments Nos. 334-61 and 343-61;
(3) For dismissal of Indictments Nos. 1075-61 and 1289-61 in the interest of justice and under the sound discretion and inherent power of the court; and
(4) For such other further right or different relief as to the court may seem just and proper.
On May 1, 1961 there were two indictments filed against this defendant. Under Indictment No. 334-61 he was charged with the crimes of attempted robbery in the second degree; attempte 1 grand larceny in the first degree, and assault in the second degree, alleged to have been committed on or about February 4, 1961. Under Indictment No. 343-61 he was charged with the crimes of grand larceny in the first degree, grand larceny in the second degree, assault in the second degree, petit larceny, carrying a dangerous weapon as a felony, and conspiracy to commit robbery in the first degree, alleged to have been committed on or about February 3, 1961.
Because of his age, which was 18 years at the time these indictments were filed, he appeared before this court on May 18,1961, together with retained counsel, and executed a consent to an examination and investigation for youthful offender treatment on both indictments.- On July 12, 1961 the defendant appeared before the court, together with retained counsel, and the court determined him to be ineligible for youthful offender treatment on both indictments. He was immediately arraigned on the indictments and pleaded not guilty. On the same date both indictments were assigned to Part IV of this court, where, after a motion by the Assistant District Attorney and upon no objection by defense counsel, Indictment No. 33-U61 was consolidated with Indictment No. 343-61. The defendant at that time then withdrew his former plea of not guilty and pleaded guilty before trial to robbery in the third degree under the first count of No. 343-61 to cover all counts of consolidated Indictments Nos. 334-61 and 343-61. Thereafter on August 9, 1961 before this court, and in the presence of retained counsel, the defendant was sentenced to the Elmira Reception Center for an indefinite term.
On September 25, 1961 Indictments No. 1075-61 and No. 1289-61 were filed in this court, charging this defendant, together *532 with others, under Indictment No. 1075-61 with the crimes of robbery in the first degree, grand larceny in the first degree (2 counts), grant larceny in the second degree, and assault in the second degree, alleged to have been committed on or about January 13,1961.
Under Indictment No. 1289-61 this defendant, together with others, was charged with the crimes of robbery in the first degree, grand larceny in the first degree, grand larceny in the second degree, assault in the second degree, and conspiracy to commit robbery in the first degree, alleged to have been committed on or about January 28, 1961. This defendant was arraigned on both indictments on October 11, 1961, in the presence of assigned counsel, and pleaded not guilty. He is presently awaiting trial on these two indictments together with his codefendants.
Where a defendant did not plead former judgment of acquittal or conviction, he cannot raise this defense by motion (People v. Taft, 174 Misc. 1033). However the court will overlook this technicality because there is absolutely no basis for pleading former jeopardy under the facts as recited heretofore. The crimes charged in Indictments Nos. 1075-61 and 1289-61 are altogether different from those to which this defendant pleaded guilty to on July 12,1961. That portion of the motion is denied.
On the issue of an application for a hearing on a writ of error coram nobis, the defendant presents absolutely no basis for such a hearing or granting of such a writ. He was represented by retained counsel at all stages of the proceedings and was thoroughly interrogated by the court at the time of his plea. That part of the motion is denied.
We now come to the consideration of the application on behalf of the defendant to dismiss Indictments No. 1075-61 and No. 1289-61 in the interest of justice and under the sound discretion and inherent power of the court. Section 671 of the Code of Criminal Procedure provides that only the court may of its own motion or upon the application of the District Attorney, and in furtherance of justice, order an action after indictment to be dismissed. Therefore if this relief be granted, it must be upon the court’s own motion.
A review of all the facts heretofore recited indicates that at the time this defendant appeared before the court for consideration to be granted youthful offender treatment, the court had before it a report prepared by the Probation Department of this defendant’s background and criminal history. At the same time the Assistant District Attorney had before him a report prepared by the Youth Bureau, which is presumed to have *533 contained more or less the same information. As a matter of fact the Assistant District Attorney attached to the Youth Bureau recommended on behalf of the People denial of youthful offender treatment in both cases. The Judge who presided in the Youthful Offender Part on that date was the same Judge who accepted the defendant’s plea of guilty in Trial Term, Part IV, of this court. The Judge then presiding has advised this court that at the time he allowed the defendant to plead guilty to the crime of robbery in the third degree, he was aware, by reason of his investigation report, of the crimes which were the basis for Indictment No. 1075-61 and No. 1289-61, and that he had taken these crimes into consideration at the time of taking the plea even though they had not been indicted for them and the court had no knowledge that the District Attorney’s office intended to indict them on September 25, 1961. The Assistant District Attorney by an affidavit presented on this motion claims that he had no previous knowledge of what transpired with reference to the defendant’s application for youthful offender treatment and he had absolutely no knowledge of any other crime which the defendant had admitted committing or with which he could possibly be charged. This court does not doubt the good faith of the Assistant District Attorney but cannot help feel that better practice would have dictated an inquiry as to this defendant’s criminal history before accepting the plea. As a matter of fact, although the plea was accepted on July 12, 1961, this court has not received to date a statement from the District Attorney as provided in section 342-a of the Code of Criminal Procedure.
In view of all the circumstances, that is, the admission by this defendant to our Probation Department of the commission of the crimes for which he was indicted on September 25, 1961, and said admissions having been prior to the taking of a plea of guilty to robbery in the third degree and prior to his judgment of conviction, and in view of the provisions of section 312-d of the Code of Criminal Procedure regarding the use of confessions or admissions given while being investigated for youthful offender treatment, this court hereby, on its own motion, under the authority given to it under section 671 of the Code of Criminal Procedure hereby dismisses Indictments No. 1075-61 and No. 1289-61 against this defendent Robert Earl Gatlin. This court has reached this conclusion only after the use of extreme deliberation, as the honest labors of a Grand Jury and the District Attorney should not be set aside lightly. It would be a violation of the court’s sense of fair play and justice, however, if it did not exercise this power, no matter how reluctantly.
*534 In order that the procedural rights of the defendant and the People shall be duly protected, the court is rendering this decision as to each indictment separately and orders are entered accordingly.
The District Attorney is requested to serve a copy of this decision and orders upon the attorney for the defendant and a copy of the orders dismissing the indictments upon the Department of Correction of the State of New York for the purpose of their vacating any warrants which have been lodged against this defendant by reason of the indictments which have been dismissed.