J. Irwin Shapiro, J.
Motion by the defendant Thomas L. Burns for an inspection of the Grand Jury minutes or in the alternative for an order dismissing the indictment. He contends that the testimony adduced before the Grand Jury did not spell out the crime charged against him and that illegal and improper evidence was produced before the Grand Jury.
The indictment contains three counts; however, the defendant Thomas L. Burns is charged only with the third count which alleges that he and his codefendant conspired to commit the crime of grand larceny.
The defendant contends that the testimony heard by the Grand Jury caused that body to be “ left to speculate the value of Dr. Burns ’ report and medical bill in the amount of $95.00 and the effect thereof, if any, upon the award of $850.00 for the personal injury aspect of the claim”; that “ there is no evidence from which the Grand Jury could conclude that the purportedly exaggerated medical bill and report had the effect of increasing the award to the extent that a felony would be accomplished ” and that “ this was sheer speculation on its part.”
The minutes of the hearing before the Grand Jury have been carefully read and digested by the court.
In returning the third count of the indictment against the moving defendant the Grand Jury was not required, as defendant contends, to “ conclude that the purportedly exaggerated med *446 ical bill and report had the effect of increasing the award to the extent that a felony would be accomplished. ’ ’ All that the Grand Jury was required to conclude was that this defendant and his codefendant aided and abetted each other and that they conspired, combined, confederated and agreed by and with each other to commit the crime of grand larceny in the first degree in accordance with at least one of the overt acts set out in the indictment.
The gravamen of the offense of conspiracy is the unlawful combination and not the successful execution of the plan. The offense is complete upon proof of the unlawful agreement and of an overt act done to affect the object thereof by either of the parties to the agreement. (People v. Suffolk Contr. Co., 171 App. Div. 645.) The conspiracy is an independent crime wholly separate and distinct from the grand larceny which may have been the purpose of the conspiracy and which may or may not have come to a successful conclusion as a result of the conspiracy. (See People v. Tavormina, 257 N. Y. 84; People v. Palmisano, 132 Misc. 244.)
If the defendant and his codefendant entered into an agreement pursuant to which this defendant exaggerated his bill and his medical report with the intent to deprive and defraud the insurance company of its money in an amount that would constitute a felony, and to appropriate the same to the use of either of the defendants or to aid and abet the codefendant or others to do so, and the defendant wrote and issued such bill and statement, the conspiracy had been committed and was complete.
There is no legal requirement that the conspiracy result in a completed crime based upon the terms of the conspiracy. Even if it could be successfully established that the conspiracy failed of consummation because the substantive crime could not be or was not completed, the crime of conspiracy could still be complete and the defendant and his codefendant could still be guilty of a violation of section 580 of the Penal Law.
The defendant concedes that the adjuster “ took into consideration the bill allegedly submitted by Dr. Burns in the amount of $95.00 and the medical report purportedly submitted by Dr. Burns ’ ’. It was this report which brought into the picture the existence of a contusion of the chest, a sprain of the lumbosacral area and an aggravation of an unstable and weak back. He contends, however, that since the insurance company caused the claimant to be examined by its own physician it could not have relied upon or been misled by his (the moving defendant’s) medical report in settling the claim for $850. It does not require great introspection to realize that an insurance com *447 pany settles a claim not only upon the basis of its own doctor’s report, which in many cases is entirely negative, but also upon the scope of its possible liability as it is envisaged and set forth in the claimed personal injuries. In any event that is a contention to be addressed to the trier of the fact.
Whether, therefore, there was in fact any illegal conspiracy between the defendants to defraud and deprive the insurance company of its funds in an amount which would constitute a felony; whether the medical report was in fact fraudulent, and whether the insurance company relied thereon in making payment on the personal injury aspect of the claim are all issues of fact which may not be flung off or decided on this application. The motion is in all respects denied.