Arthur W. Lonschein, J.
The defendants, charged with the crimes of criminal sale of a dangerous drug in the first degree, and conspiracy in the first degree, move to dismiss the indictment on the grounds that this prosecution puts them in jeopardy again for crimes of which they already have been convicted in another jurisdiction. They contend, in short, that their prosecution in Nassau County of the crime of conspiracy in the first degree, included therein acts which are alleged in this indictment and thus fall within the proscriptions of CPL 40.20 which prohibit such a second prosecution.
This court ordered a hearing on the contentions of the defendants and the facts and circumstances of the issues herein as testified to at the hearing are as follows:
On November 7, 1975, the defendants with others, met undercover Police Officer Rocco Gatta, who was accompanied by an informer at a restaurant owned by the defendant Diaz, in Queens County called the Zig-Zag. There was a discussion concerning the buying and selling of cocaine and the defendants quoted prices to the undercover detective — $4,000 for Vs of a kilo, and $32,000 for a kilo. An agreement was made the next day to meet at the same place for the purchase of Vs of a kilo and at the subsequent meeting, the defendant Diaz delivered the Vs of a kilo to the officer and received from him the sum of $4,000 as a payment. Having established a basis for doing business, the defendants and undercover officer, entered into another deal at the Zig-Zag for the sale of a kilo for $32,000. The actual sale for the kilo was made in Nassau County.
Subsequently, the defendants were indicted in Queens *632 County charged with the crime of criminal sale in the first degree, involving the $4,000 sale, and the conspiracy which led up to that substantive crime. They were also indicted by the Nassau County Grand Jury for crimes involving the $32,000 sale, to wit: criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and conspiracy in the first degree.
The defendant Nunez went to trial in Nassau County on the indictment and was convicted of all three counts. The defendant Diaz pleaded guilty to criminal sale of a controlled substance in the third degree in full satisfaction of all the counts in that indictment. Of particular significance is the Nassau County indictment itself which alleges in its fourth count charging the defendants with conspiracy in the first degree: "The defendants * * * between on or about the 6th day of November, 1975 and on or about the 15th day of November, 1975 * * * agreed with each other to engage in and cause the performance of such conduct and in furtherance of the aforesaid conspiracy, the said defendants among other things, met on more than one occasion at the Zig-Zag Restaurant located at 95-28 Roosevelt Avenue, Jackson Heights, New York.”
During the trial of the defendant Nunez in Nassau County Court, the arresting officer in the case at bar, testified in part as follows about the meeting that took place at the Zig-Zag Restaurant on November 7, 1975.
"Q. All right. What happened after you met Raul Diaz and the defendant Nunez at that time?
"A. Well, we all sat down after we were introduced to each other. At that point, Rafael Nunez asked me, he asked me if I was interested in buying a quantity of cocaine. I said yes, I said, 'I’d like to do an eighth,’ meaning an eighth of a kilo. And he was very business-like and he said, 'One eighth, $4,000.’ And he says, 'A kilo would cost you $32,000.’
"Q. Did he say anything else?
"A. Yes, sir.
"Q. What did he say?
"A. He says, 'You be here,’ meaning myself, 'you be here tomorrow afternoon at three p.m. in the afternoon,’ he says, T sell you one-eighth for $4,000.’ He turned to Raul Diaz at the time and he asked Raul Diaz if he could use the back room in his restaurant to do this deal. And at that time Diaz agreed. *633 And the meeting was over, we got up, we shook hands, and both Diaz and Nunez left.
"Q. That’s on the 7th; correct?
"A. Yes, sir.”
Thereafter, the police officer testified to the details of the transaction that took place in Queens County on November 8 involving the $4,000 sale. This sale is the sale that is charged in count one of the indictment now before this court. Following the details of this transaction, the police officer testified to other meetings and the consummated sale of a kilo of cocaine which took place in Nassau County. The People argue that jeopardy has not attached because the agreement to sell Vs of a kilo and the one kilo, which sales later were consummated in the two different jurisdictions, were in fact not one conspiracy, but two different conspiracies to commit two different crimes.
This argument has no merit. It is certainly more than a coincidence that both the Nassau County indictment and the Queens County indictment alleged as an overt act, the meeting of the parties in the Zig-Zag Restaurant during the November 7 period. It is apparent that at the meeting on November 7, the corrupt agreement to do business with each other was hatched, and the plan itself was the criminal transaction which resulted in the two sales, one in Queens and one in Nassau.
CPL 40.10 (subd 2) defines a criminal transaction as "conduct which establishes * * * one offense, and which is comprised of two or more or a group of acts either * * * (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.”
The gravamen of the crime of conspiracy is the unlawful combination to violate the law. The offense is complete upon the proof of the unlawful agreement and of an overt act to effect its object by any of the parties to that agreement. (People v Burns, 36 Misc 2d 444; People v Mackell, 47 AD2d 209.) It is therefore apparent to this court that when the parties met, they met to establish a relationship to be sellers and purchasers of cocaine and that both defendants agreed with each other to sell the cocaine to their prospective customers and that they had that single intent in purpose although the sales were to be made in successive quantities at possibly different times.
*634 A criminal conspiracy is committed by the agreement or plan among two or more to commit some crime in the future. (People v Potwora, 44 AD2d 207.) The fact that the conspirators agreed to commit more than one crime in the future does not change the conspiracy as separate conspiracies to commit separate crimes providing that the agreement expressed or implied to commit the crimes was made at one time.
It is apparent, therefore, that the count of the indictment charging conspiracy in the first degree must fall, since the criminal conspiracy to sell cocaine entered into by the defendants was prosecuted in the Nassau County Court.
More troublesome is the issue of the disposition of the substantive crime which allegedly took place in Queens County on November 8, 1975, upon which defendants stand indicted for the crime of criminal sale of a controlled substance in the first degree. The defendants contend that proof of the commission of that crime in Queens County was part of the issues tried in the Nassau County Court under the Nassau indictment and that being so, the verdict of the Nassau County Court, included a finding of their guilt of the crime charged in the Queens indictment, and thus that count must be dismissed.
It is well settled that conspiracy is an independent crime for which a defendant can be indicted and tried in addition to being indicted and tried for the substantive crime which is the alleged object of said conspiracy. (Pereira v United States, 347 US 1; People v Epton, 19 NY2d 496, mot to amend remittitur 1017, app dsmd and cert den 390 US 29, reh den 390 US 976; People v Tavormina, 257 NY 84; People ex rel. Hart v Truesdell, 260 App Div 884; People v Taft, 174 Misc 1033.) Thus, the conspiracy to commit a crime does not merge in the actual commission thereof. (People v Taft, supra.)
It has been held that a conviction or acquittal on a charge of conspiracy will not support a plea of double jeopardy on a trial under a substantive indictment for the actual commission of a crime growing out of the same fact. (Moorehead v United States, 270 F 210; Harris v United States, 273 F 785, 790; Bens v United States, 266 F 152, 159, 160; Bell v United States, 2 F2d 543.) If the rule were otherwise a person who criminally conspires in one county to commit crimes in five other counties could not be prosecuted for the five substantive crimes if he were prosecuted for the conspiracy in the place *635 where it was committed. This obviously is not the intent of the law.
Accordingly, the motion to dismiss count one of the indictment charging a criminal sale in the first degree is denied. The motion to dismiss the count charging conspiracy in the first degree is granted.